DuBose, Appellee, *v.* Court of Common Pleas
of Trumbull County, Appellant.

(No. 80-1091—Decided December 23, 1980.)

170

*Mr. Howard W. Martin,* for appellee.

*Mr. J. Walter Dragelevich,* prosecuting attorney, *Mr. Dennis Watkins* and *Mr. Peter J. Kontos,* for appellant.

*Per Curiam.* The writ of prohibition is an extraordinary remedy which is customarily granted with caution and restraint. It is a fundamental principle of Ohio law that the conditions which must exist to support the issuance of a writ of prohibition are, as recently stated in *State, ex rel. Wall,* v. *Grossman* (1980), 61 Ohio St. 2d 4:

" '(1) The court or officer against whom it is sought must be about to exercise judicial or quasi-judicial power; (2) the exercise of such power must be unauthorized by law; and (3) it must appear that the refusal of the writ would result in injury for which there is no other adequate remedy.' *State, ex rel. Lehmann,* v. *Cmich* (1970), 23 Ohio St. 2d 11." See, also, *Ohio Bell* v. *Ferguson* (1980), 61 Ohio St. 2d 74, 76.

Since the relator has failed to demonstrate the presence of the foregoing prerequisites in this case, we must reverse the Court of Appeals' granting of the writ. It is imperative to note, however, that, in light of our disposition, we do not address relator's substantive contention that a finding of "delinquency" under R. C. 2151.02(A) necessarily embraces the conclusion that an individual has violated a law of this state. Similarly, we express no opinion as to whether the Juvenile Court proceedings were, in actuality, the functional equivalent of a probable cause hearing.

The trial court's assumption of jurisdiction of relator's criminal trial is clearly not an impermissible usurpation of judicial power. Initially, we are compelled to point out that

R. C. 2931.03[3] vests the Court of Common Pleas with original jurisdiction of the crime of aggravated murder. As we recently ruled in *State, ex rel. Adler,* v. *Court* (1980), 61 Ohio St. 2d 1, 3:

"The action of respondent in denying relator's motion to dismiss the indictment, even assuming, arguendo, that it may be erroneous, does not constitute the unauthorized usurpation of judicial power. Prohibition will not lie to prevent enforcement of an allegedly erroneous judgment rendered by a court with jurisdiction. *State, ex rel. Mansfield Telephone Company,* v. *Mayer* (1966), 5 Ohio St. 2d 222, 223; *Marsh* v. *Goldthorpe* (1930), 123 Ohio St. 103."

Secondly, the Court of Common Pleas, as a court of general jurisdiction, possesses the authority to determine its own jurisdiction over both the person and the subject matter in an action before it, subject to the right of appeal. This precise point was specifically addressed by this court in *State, ex rel. Miller,* v. *Court of Common Pleas* (1949), 151 Ohio St. 397, paragraph three of the syllabus:

"A court having general jurisdiction of the subject matter of an action has authority to determine its own jurisdiction on issue raised, and a party challenging its jurisdiction has a remedy at law in appeal from an adverse holding of the court that it has such jurisdiction, and may not maintain a proceeding in prohibition to prevent the prosecution of such action." See, also, *State, ex rel. Gilla,* v. *Fellerhoff* (1975), 44 Ohio St. 2d 86.

Consequently, the trial court clearly has jurisdiction to hear relator's pending criminal case. Relator has demonstrated no defect of a jurisdictional nature and no unauthorized usurpation of judicial power by the Court of Common Pleas.

Relator has also failed to show that an appeal to the Eleventh District Court of Appeals is not an adequate remedy at law. The overruling of a motion to dismiss on the ground of double jeopardy is a final appealable order. *State* v. *Thomas* (1980), 61 Ohio St. 2d 254, paragraph one of the syllabus.

---

[3] R. C. 2931.03 provides:

"The court of common pleas has original jurisdiction of all crimes and offenses, except in cases or minor offenses the exclusive jurisdiction of which is vested in courts inferior to the court of common pleas."

Thus, an appeal to the Court of Appeals is an adequate, proper and available remedy. We emphasize that prohibition is not a substitute for appeal. *State, ex rel. Gilla,* v. *Fellerhoff, supra; State, ex rel. Toerner,* v. *Common Pleas Court* (1971), 28 Ohio St. 2d 213.

For all the foregoing reasons, the judgment of the Court of Appeals is reversed and the writ is denied.

*Judgment reversed*
*and writ denied.*

CELEBREZZE, C. J., W. BROWN, P. BROWN, SWEENEY, LOCHER, HOLMES and DOWD, JJ., concur.