OPINION
{¶ 1} This original action in prohibition and mandamus is presently before this court for consideration of two motions to dismiss under Civ.R. 12(B)(6). Under both motions, all five respondents in this action contend that the petition of relator, Kenneth Biros, fails to state a viable claim for either writ because he could have pursued an alternative remedy which could have afforded him the same relief he is now seeking before us.[1] For the following reasons, we conclude that both motions to dismiss have merit.
 {¶ 2} Relator is presently incarcerated at the Mansfield Correctional Institution, based on a 1991 conviction for aggravated murder, felonious sexual penetration, aggravated robbery, and attempted rape. The subject matter of this action concerns the propriety of the procedure under which all five respondents have collectively caused certain funds to be deducted from relator's prison account. In essence, relator seeks in his petition the issuance of an order which would enjoin all five respondents from taking any further steps to garnish additional funds and order the return of all funds already deducted.
 {¶ 3} In support of his two basic claims for relief, relator has alleged the following facts: (1) prior to the beginning of his trial in the underlying criminal case, Judge Mitchell F. Shaker of the Trumbull County Court of Common Pleas found that relator was indigent and could not afford to hire his own counsel; (2) as part of the October 1991 sentencing judgment, Judge Shaker ordered relator to pay all costs of the prosecution; (3) in May 1997, the Supreme Court of Ohio affirmed relator's conviction and the imposition of the death penalty; (4) in February 2000, Trumbull County Clerk of Court Margaret O'Brien issued a fee statement which stated that relator owed the sum of $5,225 for court costs; (5) after this fee statement had been approved by Trumbull County Prosecutor Dennis Watkins, Clerk O'Brien served a copy of the statement upon the Ohio Department of Rehabilitation and Corrections, and its Director, Reginald A. Wilkinson; and (6) prison officials at the Mansfield Correctional Institution then took steps to garnish funds from relator's prison account.
 {¶ 4} In addition to the foregoing, relator has alleged in his petition that, after the prison officials had given him notice of the pending garnishment, he had an opportunity to file a grievance on the matter; however, his grievance was ultimately denied by an assistant chief inspector for the prison. Furthermore, relator has asserted that, in March 2001, he moved the Trumbull County Court of Common Pleas to vacate the "court costs" order in the October 1991 judgment, but this motion was immediately denied by Judge Andrew D. Logan, who had succeeded Judge Shaker on the bench.
 {¶ 5} In light of these allegations, relator argues that, by taking their respective steps to collect funds from him for the court costs, each of the five respondents have exceeded the scope of their authority and have violated his constitutional rights. Specifically, he contends that the funds cannot be garnished from his prison account because he was found to be indigent during the underlying criminal action. Accordingly, relator seeks a writ of prohibition to stop respondents from collecting any additional funds, and a writ of mandamus under which they would be required to vacate their prior acts and return the funds already garnished.
 {¶ 6} Although two separate motions to dismiss the instant petition have been submitted before this court, our review of both documents indicates that all five respondents have raised the same arguments for consideration. First, as was noted above, respondents maintain that relator's allegations are legally insufficient to state a viable claim for either writ because he could have contested the "court costs" order in a direct appeal from his conviction. Second, they maintain that the fact that relator was declared indigent does not exempt him from paying court costs.
 {¶ 7} After considering the relevant precedent, we conclude that both of respondents' arguments have merit. Regarding their second argument, this court has expressly held that a trial court has the power under Ohio law to impose court costs upon a criminal defendant even if he has been found to be indigent. State v. Fatica, 11th Dist. No. 2002-G-2434, 2003-Ohio-4359. The basis for this holding is that the imposition of court costs is not viewed as punitive in nature; instead, the reason for requiring the defendant to pay the costs is to decrease the taxpayers' burden in financing the court system. Id. at ¶ 8, quoting State v. Pasqualone (2000), 140 Ohio App.3d 650.
 {¶ 8} In the instant case, relator's basic assertion that all five respondents have exceeded the scope of their authority is predicated upon his legal contention that there are no circumstances under which an indigent defendant can be required to pay the costs for a criminal proceeding. However, pursuant to Fatica and Pasqualone, his legal contention is incorrect; i.e., under present Ohio law, a trial court has the discretion to impose court costs upon an indigent defendant if the circumstances support such a decision. As a result, even if a trial court abused its discretion in imposing costs in a given case, such an error would not be jurisdictional in nature, but would only constitute a procedural error.
 {¶ 9} In light of the foregoing, this court has further held that the propriety of a decision to impose court costs on a convicted defendant can only be contested in a direct appeal from the sentencing judgment. In Pasqualone, after the defendant's basic conviction for aggravated vehicular homicide had been affirmed on appeal, he then moved the trial court to vacate its prior order imposing court costs. Once the trial court had denied that motion, the defendant brought a second appeal to this court. Although we ultimately dismissed the second appeal for lack of a final appealable order, we also indicated that the defendant would have been barred under the doctrine of res judicata from raising the "court costs" in that appeal because he could have asserted the issue as part of his first appeal from the conviction itself. Pasqualone,140 Ohio App.3d at 657.
 {¶ 10} The foregoing logic would readily extend to an original action in which a defendant attempts to challenge the imposition of court costs. In the instant case, since the order imposing court costs upon relator was made in the sentencing judgment, he could have contested the basic propriety of that order in his direct appeal from that judgment. As a result, the doctrine of res judicata bars relator from collaterally attacking that order in a prohibition or mandamus action.
 {¶ 11} Besides barring any new litigation concerning the "court costs" issue, the fact that relator could have asserted the issue in his original appeal is also sufficient to defeat an element of his prohibition claim. As a general proposition, the legal function of a writ of prohibition is to enjoin an inferior court from acting beyond the scope of its jurisdiction. State ex rel. Tubbs Jones v. Suster (1998),84 Ohio St.3d 70, 73. If the court's lack of jurisdiction is patent and unambiguous, a writ of prohibition can issue even when there exists an alternative remedy which would adequately protect the relator's rights.State ex rel. The Leatherworks Partnership v. Stuard, 11th Dist. No. 2002-T-0017, 2002-Ohio-6477. However, if the lack of jurisdiction is not patent and unambiguous, the writ will lie only if no other adequate legal remedy exists. Id. In regard to the "adequate remedy" element, the Supreme Court of Ohio has stated that a direct appeal is an adequate legal remedy. Hughes v. Calabrese (2002), 95 Ohio St.3d 334, 338.
 {¶ 12} In his petition before this court, relator has not contested the basic fact that, as a member of the Trumbull County Court of Common Pleas, Judge Shaker had jurisdiction to try a capital murder case. Moreover, R.C. 2947.23 expressly provides that judgment for the costs of prosecution can be rendered against a defendant in any criminal case. Thus, since relator's own allegations support the conclusion that, at the very least, any lack of jurisdiction on Judge Shaker's part was not patent and unambiguous, relator could only be entitled to a writ of prohibition if he lacked an adequate legal remedy. In this specific instance, such an alternative remedy did exist because relator could contest any point pertaining to the "court costs" issue, including the effect of his indigency status, in his direct appeal from his conviction.
 {¶ 13} A similar analysis would also apply to relator's mandamus claim. In all situations, a writ of mandamus will not lie when there exists a plain and adequate remedy under the ordinary course of the law.State ex rel. Whittenberger v. Clarke (2000), 89 Ohio St.3d 207. Accordingly, relator cannot use a mandamus claim to collaterally attack the order to impose court costs in the underlying case because he could have raised that issue in his original direct appeal.
 {¶ 14} As a separate argument under the instant petition, relator submits that the manner in which the funds are deducted from his prison account constitutes a violation of his constitutional rights. Specifically, relator asserts that the prison officials are violating his rights to due process and equal protection by leaving only the sum of ten dollars in his account following each deduction. He further asserts that the prison officials should be required to follow the provisions of R.C.5145.16 and 5120.56 in determining the amount of funds he should be allowed to keep in his account for his own consumption. In light of these assertions, relator requests the issuance of a declaratory judgment in which R.C. 5120.133 and Ohio Adm. Code 5120-5-03(c) are declared unconstitutional.
 {¶ 15} In regard to the foregoing separate argument, this court would merely note that the original jurisdiction of an Ohio appellate court is limited to actions in quo warranto, mandamus, habeas corpus, prohibition, and procedendo. See Section 3(B), Article IV of the Ohio Constitution. As a result, this court does not have original jurisdiction to consider declaratory judgment claims. Wright v. Ghee
(1996), 74 Ohio St.3d 465; Dussell v. Lakewood Police Dept., 8th Dist. No. 81193, 2002-Ohio-6644. Instead, we can only review a trial court's declaratory judgment determination on appeal. Therefore, the appropriate remedy for relator to pursue in regard to the deductions of the funds from his prison account is a declaratory judgment action before the appropriate court of common pleas.
 {¶ 16} Under Civ.R. 12(B)(6), a claim in a civil complaint can be dismissed for failure to state a viable grounds for the requested relief when the nature of the allegations are such that, even when those allegations are construed in a manner most favorable to the relator, they still are insufficient to demonstrate that he will be able to prove a set of facts entitling him to the relief. State ex rel. Ragozine v. Shaker,96 Ohio St.3d 201, 2002-Ohio-3992, at ¶ 7. Applying the foregoing standard to the petition in the instant case, this court concludes that the dismissal of both claims is warranted as to all five respondents. That is, relator's allegations are insufficient to state viable claims in either prohibition or mandamus because those allegations support the conclusion that he had an adequate legal remedy in regard to the issue of whether he should be required to pay the court costs of the underlying criminal action.
 {¶ 17} Pursuant to the foregoing analysis, the motion to dismiss of Judge Andrew D. Logan of the Trumbull County Court of Common Pleas, Trumbull County Clerk of Courts Margaret O'Brien, and Trumbull County Prosecutor Dennis Watkins is granted. Similarly, the separate motion to dismiss of the Ohio Department of Rehabilitation and Corrections, and its Director, Reginald A. Wilkinson, is also granted. Accordingly, it is the order of this court that relator's entire petition in prohibition and mandamus is dismissed as to all five respondents.
Donald R. Ford, P.J., Judith A. Christley and William M. O'Neill, JJ., concur.
[1] The first motion to dismiss was filed by Judge Andrew D. Logan of the Trumbull County Court of Common Pleas, Trumbull County Clerk of Court Margaret O'Brien, and Trumbull County Prosecutor Dennis Watkins. The second motion to dismiss was submitted by the Ohio Department of Rehabilitation and Corrections, and its Director, Reginald A. Wilkinson. For the sake of clarity, all five of the foregoing respondents shall be referenced by their proper names throughout this opinion.