DECISION AND JUDGMENT ENTRY
{¶ 1} This matter is before the court on Krista Harris' "Original Action for Writ of Prohibition," filed against Judge James Donald J. Sweeney, on December 17, 2003. Harris requests that Judge Sweeney be prevented from exercising judicial power over her in a pending criminal matter in the Erie County Court of Common Pleas, case number 2001-CR-094. Harris argues that Judge Sweeney's exercise of judicial power is "unauthorized by law because he was never lawfully appointed to the case, there is no valid indictment, jeopardy attached, and Relator has already served her time for the crimes for which she was unlawfully convicted." Harris additionally argues that Judge Sweeney was prohibited by R.C. 3.11 from appointing special prosecutors from outside Erie County to prosecute her case. We sua sponte dismiss Harris' complaint for a writ of prohibition for the following reasons.
 {¶ 2} The sua sponte dismissal of a writ of prohibition without notice is warranted if the complaint is frivolous or the relator obviously cannot prevail on the facts alleged in the complaint. State exrel. Jones v. Garfield Hts. (1997), 77 Ohio St.3d 447; State ex rel.Cossett v. State Governors Federalism Summit (1995), 74 Ohio St.3d 1416. In order to be entitled to a writ of prohibition, Harris must establish that (1) Judge Sweeney is about to exercise judicial or quasi-judicial power, (2) the exercise of that power is unauthorized by law, and (3) denial of the writ will cause injury for which no other adequate remedy in the ordinary course of law exists. State ex rel. Henry v. McMonagle
(2000), 87 Ohio St.3d 543, 544, citing, McAuley v. Smith (1998),82 Ohio St.3d 393, 395. "The writ of prohibition is an extraordinary remedy which is customarily granted with caution and restraint." DuBosev. Court of Common Pleas of Trumbull Co. (1980), 64 Ohio St.2d 169, 170.
 {¶ 3} Harris complains that Judge Sweeney is unauthorized to exercise judicial power over her case because he was "never lawfully appointed to the case." According to Harris' action for writ of prohibition, she states that an entry, filed on October 20, 2003, assigned Judge Sweeney to her case as visiting judge. Harris, however, argues that such an assignment was unlawful because "Judge Lawrence Grey had not entered a recusal and was still assigned the case." According to Section6(C), Article IV of the Ohio Constitution, "[a]ny voluntarily retired judge * * * may be assigned with his consent, by the chief justice or acting chief justice of the supreme court to active duty as a judge * * *." As such, we find that Judge Sweeney could lawfully be assigned to Harris' case and that there is no constitutional requirement that a formerly assigned judge must first recuse himself prior to another judge being assigned. Nevertheless, assuming arguendo that there was an error with Judge Sweeney's appointment, we find that Harris is not entitled to a writ of prohibition on this basis because she has an adequate remedy at law. See State ex rel. Berger v. McMonagle (1983), 6 Ohio St.3d 28, 30. In Berger, the Ohio Supreme Court declined to grant a writ of prohibition on the basis of an allegedly improperly assigned judge and held that a party has "an adequate remedy at law by way of appeal to the court of appeals" to "contest the issue of an improper assignment." Id.
 {¶ 4} Harris additionally argues that she is entitled to a writ of prohibition on the basis that there is no valid indictment, jeopardy attached, and she has already served her time for the crimes for which she was unlawfully convicted. We find that Harris has an adequate remedy at law, to wit, a direct appeal to this court from any subsequent conviction. In Edwards v. Court of Common Pleas of Scioto Co. (1963),175 Ohio St. 251, 252, the Ohio Supreme Court held that relators were not entitled to relief pursuant to a writ of prohibition on the basis of erroneous indictments, insofar as they had an adequate remedy by way of appeal. In DuBose, 64 Ohio St.2d at 171, the Ohio Supreme Court held that the overruling of a motion to dismiss on the ground of double jeopardy is a final appealable order and, as such, "an appeal to the Court of Appeals is an adequate, proper and available remedy," which precludes the granting of a writ of prohibition. Additionally, with respect to Harris' argument that she has already served her time for the crimes for which she was unlawfully convicted, we find that in the event she is again convicted, this is an issue which can be raised on direct appeal or in a habeas corpus action. As such, insofar as she has remedies at law available to her with respect to these arguments, we deny her writ of prohibition.
 {¶ 5} Finally, with respect to Judge Sweeney's appointment of a special prosecutor, we find that R.C. 3.11 states that "No person shall hold at the same time by appointment or election more than one of the following offices: sheriff, county auditor, county treasurer, clerk of the court of common pleas, county recorder, prosecuting attorney, and probate judge." We find that this section only specifies that a person cannot hold multiple offices and has nothing to do with the appointment of a special prosecutor. A prosecutor appointed to act as a special prosecutor does not violate R.C. 3.11 because he is not holding more than one office, e.g., he only holds the office of prosecutor. Accordingly, we find that Harris fails to demonstrate in what manner Judge Sweeney's power to appoint a special prosecutor or prosecutors is unauthorized by law.
 {¶ 6} Based on the foregoing, we find that Harris obviously cannot prevail on the facts alleged in her complaint and is not entitled to a writ of prohibition against Judge Sweeney. Accordingly, we sua sponte dismiss Harris' original action.
WRIT DISMISSED.
Richard W. Knepper, J., Mark L. Pietrykowski, J., Arlene Singer, J., Concur.