DECISION
{¶ 1} Relator, Kevin A. Tolliver, commenced this original action seeking a writ of prohibition preventing respondent, the Franklin County Court of Common Pleas, from garnishing funds from his prison account. Thereafter, respondent filed a motion to dismiss this action for relator's failure to state a claim.
 {¶ 2} This matter was referred to a magistrate pursuant to Civ.R. 53(C), and Loc.R. 12(M) of the Tenth District Court of Appeals, who issued a decision including findings of fact and conclusions of law. (Attached as Appendix A.) Relying principally upon State v. White, 103 Ohio St.3d 580, 2004-Ohio-5989, the magistrate determined that respondent had subject-matter jurisdiction to impose the costs of the criminal prosecution even though relator was allegedly declared an indigent by the court. The magistrate also found that respondent could garnish relator's prison account to satisfy the costs imposed as part of the judgment pursuant to R.C. 5120.133(A). Lastly, the magistrate found that relator had an adequate remedy at law (an appeal) to contest the imposition of costs. Therefore, the magistrate has recommended that this court grant respondent's motion to dismiss.
 {¶ 3} Appearing pro se, relator filed an objection to the magistrate's decision arguing that he does not have an adequate remedy at law by way of an appeal because respondent did not attempt to collect the costs until relator's appeal was decided. Relator also relies upon Justice Pfeifer's concurring and dissenting opinion in White in arguing that collection procedures may be utilized only against non-indigent felony defendants. We disagree with relator's arguments for two reasons.
 {¶ 4} First, relator does not lack an adequate remedy at law simply because relator failed to appeal that portion of the judgment that imposed costs. Relator had an adequate remedy at law. Relator simply chose not to avail himself of that remedy. Because relator had an adequate remedy at law, he is not entitled to a writ of prohibition.
 {¶ 5} Second, the majority opinion in White expressly held that a trial court may assess costs against an indigent defendant convicted of a felony as part of the sentence. Id. at paragraph one of the syllabus. White also held that a clerk of courts may attempt the collection of court costs assessed against an indigent defendant. Id. at paragraph two of the syllabus. Therefore, the allegations in relator's complaint established that respondent had subject-matter jurisdiction to assess costs. In addition, there is authority to garnish a prisoner's account pursuant to R.C. 5120.133(A).
 {¶ 6} Following an independent review of this matter, we find that the magistrate properly determined the pertinent facts and applied the appropriate law. Therefore, we adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained therein. In accordance with the magistrate's recommendation, we grant respondent's motion to dismiss.
Objection overruled; motion to dismiss granted; writ ofprohibition denied.
Bryant and Sadler, JJ., concur.
 APPENDIX A IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
[State ex rel.] Kevin A. Tolliver, : Relator, : v. : No. 04AP-564 Franklin County Court of Common Pleas, : (REGULAR CALENDAR) Respondent. :
 MAGISTRATE'S DECISION Rendered on December 3, 2004 Kevin A. Tolliver, pro se.
Ron O'Brien, Prosecuting Attorney, and Matthew S. Halley,
for respondent.
 IN PROHIBITION ON RESPONDENT'S MOTION TO DISMISS {¶ 7} In this original action, relator, Kevin A. Tolliver, requests a writ of prohibition to stop the garnishment of funds from his prison account. He brings this action against respondent, Franklin County Court of Common Pleas.
Findings of Fact:
 {¶ 8} 1. According to the complaint, relator was found guilty by a jury on criminal charges. Prior to the trial, respondent declared relator to be indigent.
 {¶ 9} 2. According to the complaint, the clerk of the Franklin County Court of Common Pleas issued a cost bill in relator's criminal case.
 {¶ 10} 3. According to the complaint, based on the cost bill, funds in relator's prison account at the Ross Correctional Institution have been garnished.
 {¶ 11} 4. Relator requests that this court issue a writ of prohibition to stop the garnishment of his prison account.
 {¶ 12} 5. On June 30, 2004, respondent filed a motion to dismiss the instant complaint for a writ of prohibition.
 {¶ 13} 6. Relator opposes respondent's motion.
Conclusions of Law:
 {¶ 14} It is the magistrate's decision that this court grant respondent's motion to dismiss this action for the failure of the complaint to state a claim upon which relief in prohibition can be granted.
 {¶ 15} In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted, it must appear beyond doubt from the complaint that the plaintiff/relator can prove no set of facts entitling him or her to recovery. O'Brien v. Univ. Community Tenants Union, Inc.
(1975), 42 Ohio St.2d 242.
 {¶ 16} A writ of prohibition is an extraordinary judicial writ issuing out of a court of superior jurisdiction and directed to an inferior tribunal commanding it to cease abusing or usurping judicial functions. State ex rel. Tubbs Jones v.Suster (1998), 84 Ohio St.3d 70, 73. In other words, the purpose of a writ of prohibition is to restrain inferior courts and tribunals from exceeding their jurisdiction. Id.
 {¶ 17} A writ of prohibition "tests and determines `solely and only' the subject matter jurisdiction" of the lower court or administrative tribunal. State ex rel. Eaton Corp. v. Lancaster
(1988), 40 Ohio St.3d 404, 409; State ex rel. Staton v. FranklinCty. Common Pleas Court (1965), 5 Ohio St.2d 17, 21; TubbsJones, supra, at 73.
 {¶ 18} As a general rule, in order for a writ of prohibition to issue, the relator must prove that: (1) the lower court is about to exercise judicial authority, (2) the exercise of authority is not authorized by law, and (3) the relator has no other adequate remedy in the ordinary course of law if a writ of prohibition is denied. State ex rel. Keenan v. Calabrese
(1994), 69 Ohio St.3d 176, 178.
 {¶ 19} If an inferior court is without jurisdiction whatsoever to act, the availability or adequacy of a remedy of appeal to prevent the resulting injustice is immaterial to the exercise of supervisory jurisdiction by a superior court to prevent usurpation of jurisdiction by the inferior court. Stateex rel. Adams v. Gusweiler (1972), 30 Ohio St.2d 326, 329.
 {¶ 20} R.C. 2947.23(A)(1) provides:
In all criminal cases, including violations of ordinances, the judge or magistrate shall include in the sentence the costs of prosecution and render a judgment against the defendant for such costs. * * *
 {¶ 21} The costs of prosecution are to be included in the sentence and challenges to these costs may be made at the time of appeal. State ex rel. Pless v. McMonagle (2000),139 Ohio App.3d 503, 505. The failure to make such a challenge on appeal will generally preclude subsequent collateral attacks. Id.
 {¶ 22} Funds may be removed from prison accounts pursuant to R.C. 5120.133(A):
The department of rehabilitation and correction, upon receipt of a certified copy of the judgment of a court of record in an action in which a prisoner was a party that orders a prisoner to pay a stated obligation, may apply toward payment of the obligation money that belongs to a prisoner and that is in the account kept for the prisoner by the department. The department may transmit the prisoner's funds directly to the court for disbursement or may make payment in another manner as directed by the court. Except as provided in rules adopted under this section, when an amount is received for the prisoner's account, the department shall use it for the payment of the obligation and shall continue using amounts received for the account until the full amount of the obligation has been paid. No proceedings in aid of execution are necessary for the department to take the action required by this section.
 {¶ 23} A trial court may assess court costs against an indigent defendant convicted of a felony as part of the sentence. A clerk of courts may attempt the collection of court costs assessed against an indigent defendant. State v. White,103 Ohio St.3d 580, 2004-Ohio-5989.
 {¶ 24} As the above authorities clearly show, respondent did not lack subject matter jurisdiction to impose the costs of the criminal prosecution even though relator was allegedly declared an indigent by the court. Also, an inmate's prison account can be garnished pursuant to the court's judgment.
 {¶ 25} Moreover, to the extent that relator has specific issues regarding the court's imposing of costs, he has an adequate remedy by way of an appeal of the common pleas court's judgment.
 {¶ 26} Accordingly, it is the magistrate's decision that this court grant respondent's motion to dismiss.