STATE ex rel. GODALE

v.

GEAUGA COUNTY COURT OF COMMON PLEAS, Judicial Branch, et al.

[Cite as *State ex rel. Godale v. Geauga Cty. Court of Common Pleas*, 166 Ohio App.3d 851, 2006-Ohio-2500.]

Court of Appeals of Ohio,
Eleventh District, Geauga County.

No. 2006–G–2681.

Decided May 19, 2006.

William Godale, pro se.

David P. Joyce, Geauga County Prosecuting Attorney, Rebecca F. Schlag, Assistant Prosecuting Attorney, for respondent Geauga County Court of Common Pleas.

Per Curiam.

{¶ 1} This action in prohibition is presently before this court for consideration of the motion to dismiss of respondent, the Geauga County Court of Common Pleas. As the primary basis for the motion, the Geauga County Court of Common Pleas asserts that the petition of relator, William Godale, fails to state a viable claim for the writ because his own allegations support the conclusion that that court has jurisdiction to proceed in an underlying civil matter. For the following reasons, this court concludes that the motion to dismiss has merit.

{¶ 2} The subject matter of this action pertains to the continuing enforceability of a judgment that the Geauga County Court of Common Pleas rendered against relator in July 1982. The judgment in question was issued at the end of a civil proceeding in which certain public officials of a local township had sought to prohibit relator from violating various provisions of the local zoning resolution. Pursuant to the judgment, relator was enjoined from maintaining or storing certain types of motor vehicles on a parcel of real property that he owned on Mayfield Road in Geauga County, Ohio. In addition, he was enjoined from

engaging in certain types of businesses on the land, including the sale or repair of motor vehicles.

{¶ 3} During the years after the issuance of the July 1982 judgment, the township officials brought motions against relator for the purpose of ensuring his compliance with the various orders of the judgment. Some of these motions resulted in new judgments in which relator was found in contempt for using his real property in a manner inconsistent with the original orders. In turn, relator filed various appeals to this court contesting the merits of the determinations by the Geauga County Court of Common Pleas. See, e.g., *Bd. of Trustees of Chester Twp. v. Baumgardner*, 11th Dist. No. 2002–G–2430, 2003-Ohio-4361, 2003 WL 21962566.

{¶ 4} In bringing the instant action in prohibition, relator asserted in his petition that the Geauga County Court of Common Pleas is still taking steps to stop him under the July 1982 judgment from using his property for certain commercial purposes. Relator further asserted that the Geauga County Court of Common Pleas does not have the jurisdiction to take such steps, because the July 1982 judgment is no longer valid and enforceable. In support of the latter assertion, he alleged in his petition that the underlying facts pertaining to his property have changed in two respects: (1) the zoning resolution in question was amended in 1996, and it no longer has any provision forbidding the use of his land for the sale and repair of used motor vehicles and (2) in 1995, the State of Ohio issued him a license to sell used motor vehicles on the subject property.

{¶ 5} In now moving to dismiss relator's entire petition, the Geauga County Court of Common Pleas argues that this case should not go forward, because the foregoing allegations are legally insufficient to prove that it has been deprived of jurisdiction to enforce the July 1982 judgment. In conjunction with this argument, the Geauga County Court of Common Pleas further submits that a writ of prohibition can never lie under relator's allegations because he is raising nonjurisdictional issues, which can be asserted only in a direct appeal from one of its prior decisions. In relation to the latter point, respondent notes that relator has already attempted to challenge the validity of the July 1982 judgment in prior proceedings in the underlying action and that he now seeks to use the instant case as a substitute for an appeal from its decision rejecting his contentions.

{¶ 6} As a general proposition, a writ of prohibition will be issued only when the relator can demonstrate that (1) a lower court or judicial officer is preparing to exercise its judicial authority in a matter, (2) the proposed use of that authority is not permissible under the law, and (3) there is no alternative legal remedy that the relator could employ to achieve the identical results. *State ex rel. Leatherworks Partnership v. Stuard*, 11th Dist. No. 2002–T–0017, 2002-Ohio-6477, 2002 WL 31663530, at ¶ 15. As to the second and third elements for

the writ, this court has emphasized that the absence of an adequate legal remedy is not necessary when the lack of judicial authority to act is patent and unambiguous, i.e., if the lack of jurisdiction is clear, the writ will lie upon proof of the first two elements only. See *State ex rel. Biros v. Logan*, 11th Dist. No. 2003–T–0016, 2003-Ohio-5425, 2003 WL 22326666, at ¶ 11. However, if the lack of jurisdiction is not patent and unambiguous, the fact that a party can appeal a lower court's decision bars the issuance of the writ because, when a court has general jurisdiction over the subject matter of a case, it has the inherent authority to decide whether that jurisdiction has been properly invoked in a specific instance. *State ex rel. Hummel v. Sadler*, 96 Ohio St.3d 84, 2002-Ohio-3605, 771 N.E.2d 853, at ¶ 21.

{¶ 7} In light of the basic nature of the elements for a writ of prohibition, it has been held that such a writ cannot be used as a means of contesting the merits of "mere errors" in a court's judgment. *Brooks v. Gaul* (2000), 89 Ohio St.3d 202, 203, 729 N.E.2d 752. Similarly, it has been held that the writ will not issue for the purpose of stopping the enforcement of an erroneous judgment that was rendered by a court having general authority over the underlying case. *DuBose v. Court of Common Pleas of Trumbull Cty.* (1980), 64 Ohio St.2d 169, 171, 18 O.O.3d 385, 413 N.E.2d 1205; *State ex rel. Shoop v. Mitrovich* (Jan. 25, 1982), 11th Dist. No. 8–269, 1982 WL 5819. The underlying reasons for these holdings are twofold: (1) mere errors in judgment do not affect a court's jurisdiction over a case and (2) such errors can be challenged in a direct appeal.

{¶ 8} The foregoing propositions were applied by the Supreme Court of Ohio in *State ex rel. Nationwide Mut. Ins. Co. v. Henson*, 96 Ohio St.3d 33, 770 N.E.2d 580, 2002-Ohio-2851. In that case, the insurance company was a defendant in a civil action in a court of common pleas. In moving for summary judgment in the action, the insurance company asserted that the plaintiff's claim was barred under the doctrine of res judicata. After the common pleas judge had overruled the summary judgment motion, the insurance company filed a prohibition action against the judge in the court of appeals. Ultimately, the appellate court dismissed the prohibition claim on the grounds that the insurance company had an adequate legal remedy through a direct appeal of the judge's decision. In upholding the appellate court's judgment, the Supreme Court stated as follows:

{¶ 9} "To the extent that [the insurance company] asserts res judicata as a basis for extraordinary relief, res judicata does not divest a trial court of jurisdiction to decide its applicability, and the denial of this defense by the trial court can be adequately challenged by post-judgment appeal." Id. at ¶ 11.

{¶ 10} Even though the nature of the arguments relator has raised in the instant case is vastly different than the res judicata argument in *Nationwide Mut. Ins. Co.*, the same basic analysis is still applicable. As was noted previous-

ly, relator first alleged in his claim that the Geauga County Court of Common Pleas no longer had jurisdiction to enforce its July 1982 judgment because a new zoning resolution was enacted in 1996. While this court certainly would agree that the passage of a new resolution could affect the status of real property for purposes of determining its possible uses, a change in zoning laws would have no effect upon the Geauga County Court of Common Pleas's jurisdiction over zoning issues and its inherent authority to enforce its prior zoning judgments. Instead, the enactment of new resolution could constitute, at best, a new defense that relator could assert against the continuing enforcement of the July 1982 judgment.

{¶ 11} Under the second assertion in his prohibition claim, relator contended that the fact that a state agency had issued him a license to sell and repair used vehicles on the property had deprived the Geauga County Court of Common Pleas of continuing jurisdiction. Without commenting on the issue of whether the issuance of a license somehow "trumps" the zoning resolution of a township, this court simply indicates that an action taken by a state agency could have no effect upon the jurisdiction of respondent to decide if the July 1982 judgment is still enforceable notwithstanding the change of circumstances.

{¶ 12} As part of his petition, relator maintains that as a result of the change in circumstances, the July 1982 judgment has become moot and is no longer effective against him. Even if this court were to agree with this contention, it still would have no effect upon the authority of respondent to determine the extent of the application of its own judgments. In other words, the Geauga County Court of Common Pleas has the jurisdiction to decide whether its own judgment is now moot.

{¶ 13} In this regard, we emphasize that, as a county court of common pleas, the Geauga County Court of Common Pleas has been granted basic statutory jurisdiction over civil actions for injunctive relief. See *State ex rel. Rootstown School Dist. Bd. of Edn. v. Portage Cty. Ct. of Common Pleas* (1997), 78 Ohio St.3d 489, 492, 678 N.E.2d 1365. Therefore, if the July 1982 judgment has indeed become unenforceable, relator can raise that argument as a defense to any new contempt motion that is brought against him. Furthermore, if the Geauga County Court of Common Pleas rejects his argument and concludes that the judgment is still effective, he can appeal that determination to this court for consideration.

{¶ 14} As to the latter point, this court notes that our opinion in relator's prior appeal readily shows that he has already had the opportunity to raise his arguments concerning the July 1982 judgment before respondent. See *Baumgardner*, 2003-Ohio-4361. Although the final merits of his arguments were not properly before this court in that prior appeal, we note that relator has again

asserted the same basic arguments in a new pending appeal. See 11th Dist. No.2005–G–2652. Thus, it is apparent that relator is attempting to use the instant original action as a substitute for his direct appeal. As was noted above, such a procedure is not permissible.

{¶ 15} In applying Civ.R. 12(B)(6) in a prior prohibition action, this court has stated that the dismissal of such a petition is proper "when the nature of the relator's allegations are such that, even when all reasonable inferences are made in his favor, it is apparent beyond doubt that the relator will be unable to establish a set of facts under which the writ would be warranted." *Leatherworks Partnership*, 2002-Ohio-6477, at ¶ 25. In light of this standard, this court concludes that the instant prohibition petition does not state a viable claim for the writ, because relator cannot satisfy the second and third elements of such a claim. That is, relator's own allegations indicate that the Geauga County Court of Common Pleas is not presently acting beyond the scope of its jurisdiction. In addition, his allegations support the conclusion that he has an adequate legal remedy through a direct appeal.

{¶ 16} Finally, this court notes that even though all of the allegations in relator's petition pertained solely to the Geauga County Court of Common Pleas, he also named the Township of Chesterland as a party to this action. Generally, a writ of prohibition can be employed only to stop an inferior court from acting beyond the scope of its authority. *Biros*, 2003-Ohio-5425, at ¶ 11. Since the Township of Chesterland is not acting in a judicial capacity in regard to the use of the subject property, relator could never prove a set of facts under which a writ of prohibition would lie against the township. As a result, the dismissal of the action as to both named parties is warranted.

{¶ 17} Pursuant to the foregoing analysis, the motion to dismiss by, the Geauga County Court of Common Pleas is granted. It is the order of this court that relator's entire prohibition petition is hereby dismissed as to the Geauga County Court of Common Pleas. Furthermore, it is the order of this court that relator's entire prohibition petition is sua sponte dismissed as to the Township of Chesterland.

Judgment accordingly.

FORD, P.J., and RICE and O'TOOLE, JJ., concur.