PER CURIAM OPINION
{¶ 1} This action in prohibition is presently before this court for consideration of the motion to dismiss of respondent, Magistrate Richard Badger of the Portage County Court of Common Pleas, Domestic Relations Division. As the primary grounds for the motion, respondent submits that the petition of relator, David E. Feathers, is insufficient to state a viable claim for relief because his own allegations indicate that respondent did not patently and unambiguously act beyond the scope of his legal jurisdiction. For the *Page 2 
following reasons, we conclude that the motion to dismiss is well taken.
 {¶ 2} Relator is presently incarcerated in the Lake Erie Correctional Institution, based in part upon his 2005 conviction for aggravated burglary in the Portage County Court of Common Pleas, General Division. According to relator, this criminal conviction was predicated upon the factual assertion that he had broken into his own residence in violation of a civil protection order which had been rendered in favor of his former wife. The civil protection order had been the subject of separate proceeding which had been heard by respondent in his capacity as a domestic relations magistrate.
 {¶ 3} In bringing the instant action, relator essentially seeks a determination that the civil protection order is not legally enforceable because respondent violated his right to due process of the law. Specifically, relator maintains that respondent failed to give him proper notice of the final hearing prior to the issuance of the order. His basic claim for relief is based upon the following allegations.
 {¶ 4} On July 7, 2004, the former wife executed a petition under R.C.3113.31 in which she asserted that relator had violently shoved her and placed his hand over her mouth. After the petition had been filed with the domestic relations court the next day, respondent issued a temporary protection order which stated that relator was forbidden from having any type of contact with her and could not come within five hundred yards of her. On the same date the temporary order was rendered, a copy of it was served upon relator while he was being arraigned on a domestic violence charge in the general division of the common pleas court.
 {¶ 5} The temporary protection order contained a statement that the full hearing on the wife's R.C. 3113.31 petition would be held on July 26, 2006. For some unknown *Page 3 
reason, that particular proceeding never went forward. Relator asserts that he did not attend that scheduled hearing because his former wife had contacted him and stated that she wanted to try to settle their differences.
 {¶ 6} Ultimately, the full hearing on the "protection" petition was rescheduled for August 9, 2004. According to relator, he was never given proper notice of the new date for the hearing. However, even though relator was not present at that time, the hearing in question did go forward before respondent on the new date. At the conclusion of that proceeding, respondent rendered the permanent civil protection order which contained the finding that relator had assaulted the former wife. Under this new order, relator was again forbidden from having any form of contact with her.
 {¶ 7} During the ensuing months following the August 2004 hearing, relator was never served with a copy of the final civil protection order. At some point in November 2004, relator was indicted on the aggravated burglary charge and was held in the local county jail until he was brought to trial on that matter in March 2005. Despite the fact that the court officials knew of his general whereabouts during that four-month period, actual service of the final order was not completed until he was given a copy on the first day of his criminal trial.
 {¶ 8} In light of the foregoing assertions, relator contends in his prohibition claim that respondent must now be enjoined from enforcing the civil protection order because he exceeded the scope of his basic power as a domestic relations magistrate. That is, relator submits that, since he was never afforded the opportunity to contest the merits of the former wife's "protection" petition, the violation of his due process right was so great as to deprive respondent of the jurisdiction to issue the final civil protection order. *Page 4 
 {¶ 9} Under Ohio law, a writ of prohibition has been defined as a legal order that is intended to enjoin a court of inferior jurisdiction from acting beyond the bounds of its inherent authority. State ex rel.Biros v. Logan, 11th Dist. No. 2003-T-0016, 2003-Ohio-5425, at ¶ 11. In light of this general definition, it has been consistently held that the writ will lie only when the relator can prove that: (1) the judicial officer or court is intending to employ its judicial power in a pending matter; (2) the intended use of the power is not allowed under the law; and (3) the relator could not pursue an alternative legal remedy which would afford him the same relief as the writ. See State ex rel. Godalev. Geauga Cty. Court of Common Pleas, 166 Ohio App.3d 851,2006-Ohio-2500, at ¶ 6. In regard to the general application of these three elements, this court has noted that the writ should be viewed as an extraordinary remedy which must not be rendered in a routine or easy manner. State ex rel. The Leatherworks Partnership v. Stuard, 11th Dist. No. 2002-T-0017, 2002-Ohio-6477, at ¶ 14.
 {¶ 10} In relation to the third element of a prohibition claim, the Supreme Court of Ohio has stated on numerous occasions that a direct appeal from a jurisdictional ruling of a trial court constitutes an adequate remedy at law. See, e.g., Hughes v. Calabrese,95 Ohio St.3d 334, 2002-Ohio-2217, at ¶ 15. However, the mere fact that a relator had the ability to file a direct appeal does not always mean that he will be unable to prevail on his claim for the writ. That is, even though the ability to appeal a jurisdictional error will foreclose the issuance of the writ in most instances, there are limited circumstances in which the existence of an adequate legal remedy is basically meaningless as to whether the writ should lie. In Godale, 2006-Ohio-2500, at ¶ 6, we summarize the precedent on this point in the following manner: *Page 5 
 {¶ 11} "As to the second and third elements for the writ, this court has emphasized that the absence of an adequate legal remedy is not necessary when the lack of judicial authority to act is patent and unambiguous; i.e., if the lack of jurisdiction is clear, the writ will lie upon proof of the first two elements only. * * * However, if the lack of jurisdiction is not patent and unambiguous, the fact that a party can appeal a lower court's decision bars the issuance of the writ because, when a court has general jurisdiction over the subject matter of a case, it has the inherent authority to decide whether that jurisdiction has been properly invoked in a specific instance. * * *" (Citations omitted.)
 {¶ 12} Given the foregoing distinction, it follows that any analysis concerning the propriety of a prohibition claim must begin with the question of whether the purported jurisdictional defect can be deemed patent and unambiguous. In reviewing this specific question in prior prohibition actions, this court has held that the following standard should be employed in determining the nature of the jurisdictional issue:
 {¶ 13} "* * * [I]f there are no set of facts under which a trial court or judge could have jurisdiction over a particular case, the alleged jurisdictional defect will always be considered patent and unambiguous. On the other hand, if the court or judge generally has subject matter jurisdiction over the type of case in question and his authority to hear that specific action will depend on the specific facts before him, the jurisdictional defect is not obvious and the court/judge should be allowed to decide the jurisdictional issue. See State ex rel. Lee v.Trumbull Cty. Probate Court (Sept. 17, 1999), 11th Dist. No. 97-T-0150, 1999 Ohio App. LEXIS 4326." The Leatherworks Partnership, 2002-Ohio-6477, at ¶ 19. *Page 6 
 {¶ 14} In relation to the alleged facts in the instant matter, this court would first note that, pursuant to R.C. 3113.31(B), a domestic relations court has the basic power to decide all issues pertaining to petitions for a civil protection order; thus, respondent clearly had jurisdiction over the subject matter of the underlying proceeding. Second, we would indicate that, as part of his own allegations in his petition, relator admits that he was properly served with a copy of the temporary protection order. This admission is readily sufficient to establish that respondent had obtained personal jurisdiction over relator for purposes of the "civil protection" proceeding.
 {¶ 15} As was noted above, relator's primary jurisdictional allegation is that he was never served with notice of the new date for the full hearing on the petition for the civil protection order. Therefore, pursuant to relator's own allegations, this case does not involve a situation in which there could be a set of facts under which respondent would not have basic jurisdiction to go forward in the underlying matter. Instead, this is a situation in which respondent's authority to proceed with the full hearing and render the final civil protection order will depend upon the specific facts as to the issuance of the hearing notice. Accordingly, this court holds that relator has not alleged a patented and unambiguous lack of jurisdiction, and that a writ of prohibition will not lie if he had an adequate remedy at law.
 {¶ 16} In support of our holding, we would also indicate that the Supreme Court of Ohio has specifically held that the lack of a proper hearing notice cannot form the basis of a legitimate prohibition claim. In Hughes, supra, 2002-Ohio-2217, the relator sought the writ on the grounds that he had never been given notice of the date for the hearing on the request for a preliminary injunction. In upholding the dismissal of the *Page 7 
prohibition claim, the Hughes court first noted that there was no legal authority for the proposition that the failure to provide proper notice of the hearing under Civ.R. 65 constituted a "jurisdictional" defect. Despite this, the court then went forward to state that questions concerning the propriety of a hearing notice are usually contested in direct appeals from the final judgment. Based upon this, theHughes court concluded its analysis by noting that "* * * in the absence of a patent and unambiguous lack of jurisdiction, an appeal constituted an adequate remedy precluding a writ of prohibition." Id., at ¶ 15. See, also, Grundstein v. Carroll, 8th Dist. No. 83885, 2004-Ohio-2346.
 {¶ 17} As the foregoing precedent clearly shows, in most instances in which the alleged jurisdictional defect is not patent and unambiguous, a direct appeal from a final judgment is typically the adequate legal remedy that forecloses the issuance of a writ. As part of his allegations in the instant petition, relator has asserted that he was not served with a copy of the final civil protection order until approximately six months after it had been issued by respondent. Given that a notice of appeal pertaining to a civil matter must be filed within thirty days of the issuance of the judgment, see App.R. 4(A), relator might argue that a direct appeal was not an "adequate" remedy in this instance because he never had an opportunity to file a timely notice. However, for the following reasons, this court further concludes that the adequacy of a direct appeal would not have been affected by the timing of relator's actual knowledge of the existence of the judgment in question.
 {¶ 18} As to this point, this court would first emphasize that if the lack of timely notice of the final civil protection order was due to an error on the part of the clerk of courts, proper service of that final judgment was not completed under Civ.R. 58(B) until *Page 8 
relator actually received a copy of the judgment in March 2005. Under that scenario, the running of the thirty-day time limit to appeal would not have begun until the date relator was given the copy. Under such circumstances, relator would have had the opportunity to file his notice of appeal at any time within the next thirty days. Moreover, the mere fact that relator chose not to pursue the appeal at that time does not affect its adequacy for purposes of the prohibition action; i.e., since relator had the opportunity to file an appeal, he had an adequate remedy at law. See Tolliver v. Franklin Cty. Court of Common Pleas, 10th Dist. No. 04AP-564, 2006-Ohio-2265, at ¶ 4.
 {¶ 19} On the other hand, if the lack of timely service was due to relator's failure to inform the clerk of courts of changes in his address, any problem in the service of the final civil protection order would have been attributable to him. Under this scenario, the running of the thirty-day limit would have begun in August 2004 when the clerk tried to mail a copy of the judgment to relator's last known address. But even though it would have been impossible for relator to file a timely appeal due to his lack of knowledge of the judgment, the appeal would still constitute an adequate legal remedy because his inability to pursue the remedy was caused by his own failure to follow proper procedure.
 {¶ 20} In light of the factual allegations in relator's prohibition claim, the foregoing two scenarios are the only logical explanations for the fact that he did not receive actual service of the final civil protection order until six months after that judgment had been rendered. Under both of the scenarios, a direct appeal was an adequate legal remedy which relator could have pursued. Furthermore, this court concludes that, in addition to the direct appeal, there was another adequate remedy available to relator of which he was aware. *Page 9 
 {¶ 21} In conjunction with his instant petition, relator submitted a copy of a Civ.R. 60(B) motion which he filed with respondent at some point after he was served with the copy of the final civil protection order. Our review of that motion readily shows that he raised the issue of whether he should be granted relief from that judgment in light of his assertion that he was never afforded proper notice of the new date for the full hearing concerning the "protection" petition.
 {¶ 22} Without commenting upon the actual merits of the Civ.R. 60(B) motion, we would note that it has been held that relief can be granted under the rule on the grounds that a party was not given proper notice of a scheduled hearing. See, e.g., Murphy v. Murphy, 4th Dist. No. 06CA11, 2006-Ohio-4876, at ¶ 11. Moreover, it has further been held that if a particular jurisdictional determination is not appealable, a motion for relief from judgment under Civ.R. 60(B) is a separate adequate remedy at law which deprives a relator of the ability to satisfy the last element of a prohibition claim. State ex rel. Fries v. Wood Cty.Court of Common Pleas (Oct. 7, 1998), 6th Dist. No. WD-98-059, 1998 Ohio App. LEXIS 4818. In this regard, it should further be noted that, in the context of other original actions, the Supreme Court of Ohio has stated that a Civ.R. 60(B) motion constitutes a complete remedy which should be employed as a proper substitute for the original action. For example, inWalker v. Kilbane Koch, 98 Ohio St.3d 295, 2003-Ohio-856, it was concluded that a procedendo action was not a proper proceeding to contest the lack of service of a final judgment because the issue could be raised in a motion for relief from the judgment. See, also, State exrel. Longacre v. Penton Publishing Co. (1997), 77 Ohio St.3d 266, 268.
 {¶ 23} Since relator was able to assert his argument concerning the alleged lack *Page 10 
of a "hearing" notice in his Civ. R. 60(B) motion, respondent had a full opportunity to address the merits of the point. In addition, because respondent's ruling on the 60(B) motion will be a final appealable order if it is subsequently adopted by the domestic relations judge, relator will also be able to fully assert the argument before us. Thus, to the extent that relator could appeal from either the final civil protection order or the Civ.R. 60(B) determination, he had an adequate remedy in the ordinary course of the law. And, since the failure to provide proper notice of the new hearing date did not rise to the level of a patent and unambiguous lack of jurisdiction, relator had to prove a lack of such a remedy to meet the elements of a prohibition claim.
 {¶ 24} As a separate point, relator makes the general assertion in his petition that respondent acted beyond the scope of his jurisdiction by failing to conduct a preliminary hearing on the "protection" petition within a particular time limit. In relation to this issue, this court would again indicate that this type of alleged error would not have affected respondent's general jurisdiction over relator and the subject matter of the "protection" case. Therefore, as any lack of jurisdiction would not be patent and unambiguous, the fact that relator could raise the point in an appeal or a proper Civ.R. 60(B) motion would enjoin him from being able to contest the merits of the issue in the instant action.
 {¶ 25} In applying Civ.R. 12(B)(6) in prohibition actions, the Supreme Court has emphasized that such petitions can be dismissed for failing to state viable claims for a writ when, "* * * after presuming the truth of all factual allegations of the complaint and making all reasonable inferences in [the relator's] favor, it appeared beyond doubt that [the relator] could prove no set of facts entitling [him] to the requested extraordinary writ of prohibition." State ex rel. Conkle v. Sadler,99 Ohio St.3d 402, 2003-Ohio-4124, *Page 11 
at ¶ 8. Pursuant to the foregoing discussion, this court holds that the dismissal of this case is warranted because relator cannot satisfy the applicable standard in regard to the third element of his prohibition claim. That is, relator's own allegations show that he will be unable to prove a set of facts under which he would not have an adequate legal remedy.
 {¶ 26} Finally, our review of the prohibition petition reveals that relator attempted to name a former domestic relations judge as a separate respondent in this matter. However, in setting forth his factual allegations in the petition, relator did not refer to any separate action taken by the judge in relation to the underlying case. As a result, we conclude that the dismissal of his claim is also warranted as to Judge Hayes of the Portage County Court of Common Pleas, Domestic Relations Division.
 {¶ 27} Accordingly, the motion to dismiss of respondent, Magistrate Richard Badger, is granted. It is the order of this court that relator's entire prohibition claim is hereby dismissed as to both named respondents.
CYNTHIA WESTCOTT RICE, P.J., DIANE V. GRENDELL, J., COLLEEN MARY OTOOLE, J., concurs. *Page 1