[Cite as *State ex rel. Graham v. Pittman*, 2021-Ohio-665.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO ex rel. DAMANTAE GRAHAM, | : | **O P I N I O N** |
| | : | |
| Relator, | | **CASE NO. 2021-P-0023** |
| - vs - | : | |
| LAURIE J. PITTMAN, JUDGE, | : | |
| Respondent. | : | |

Original Action for Writ of Prohibition.

Judgment: Petition dismissed.

*Donald J. Malarcik*, Malarcik, Pierce, Munyer and Will, 121 South Main Street, Suite 520, Akron, OH 44308; *Michelle E. Umana* and *Randall L. Porter*, Assistant State Public Defenders, Office of the Ohio Public Defender, 250 East Broad Street, Suite 1400, Columbus, OH 43215 (For Relator).

*Victor V. Vigluicci*, Portage County Prosecutor, and *Pamela J. Holder*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Respondent).

MARY JANE TRAPP, P.J.

{¶1}  Relator, Damantae Graham, seeks a writ of prohibition against respondent, Laurie J. Pittman, Judge of the Portage County Court of Common Pleas, from conducting his resentencing hearing currently scheduled for March 8, 2021.  Respondent moves to dismiss relator's complaint.  Relator filed a response to respondent's motion to dismiss. For the reasons that follow, the motion to dismiss is granted.

{¶2} "A writ of prohibition can only be issued where the relator establishes that: (1) a judicial officer or court intends to exercise judicial power over a pending matter; (2) the proposed use of that power is unauthorized under the law; and (3) the denial of the writ will result in harm for which there is no other adequate remedy in the ordinary course of the law. *State ex rel. Florence v. Zitter*, 106 Ohio St.3d 87, 831 N.E.2d 1003, 2005-Ohio-3804, ¶ 14; *State ex rel. Sliwinski v. Unruh*, 118 Ohio St.3d 76, 886 N.E.2d 201, 2008-Ohio-1734, ¶ 7. A writ of prohibition is a legal order under which a court of superior jurisdiction enjoins a court of inferior jurisdiction from exceeding the general scope of its inherent authority. *State ex rel. Feathers v. Hayes*, 11th Dist. [Portage] No. 2006-P-0092, 2007-Ohio-3852, ¶ 9; *State ex rel. Tubbs Jones v. Suster*, 84 Ohio St.3d 70, 701 N.E.2d 1002 (1998). The writ is an extraordinary remedy which should not be issued in a routine manner. *State ex rel. The Leatherworks Partnership v. Stuard*, 11th Dist. [Trumbull] No. 2002-T-0017, 2002-Ohio-6477, ¶ 15." *State ex rel. Caszatt v. Gibson*, 11th Dist. Lake No. 2012-L-107, 2013-Ohio-213, ¶ 15.

{¶3} "In regard to the 'adequate remedy' element of the writ, * * * a direct appeal of the trial court's jurisdictional determination is a sufficient legal remedy which acts as a bar to a prohibition claim. *Feathers*, 2007-Ohio-3852, at ¶ 10, citing *Hughes v. Calabrese*, 95 Ohio St.3d 334, 767 N.E.2d 725, 2002-Ohio-2217. * * *

{¶4} "'As to the second and third elements for the writ, this court has emphasized that the absence of an adequate legal remedy is not necessary when the lack of judicial authority to act is patent and unambiguous; i.e., if the lack of jurisdiction is clear, the writ will lie upon proof of the first two elements only. * * * However, if the lack of jurisdiction is not patent and unambiguous, the fact that a party can appeal a lower court's decision

2

bars the issuance of the writ because, when a court has general jurisdiction over the subject matter of a case, it has the inherent authority to decide whether that jurisdiction has been properly invoked in a specific instance. * * * ' (Citations omitted). *State ex rel. Godale v. Geauga Cty. Ct. of Common Pleas*, 166 Ohio App.3d 851, 853 N.E.2d 708, 2006-Ohio-2500, at ¶ 6." *State ex rel. Jurczenko v. Lake Cty. Court of Common Pleas*, 11th Dist. Lake No. 2009-L-178, 2010-Ohio-3252, ¶ 25-26.

{¶5} "'[I]f there are no set of facts under which a trial court or judge could have jurisdiction over a particular case, the alleged jurisdictional defect will always be considered patent and unambiguous. On the other hand, if the court or judge generally has subject matter jurisdiction over the type of case in question and [her] authority to hear that specific case will depend on the specific facts before [her], the jurisdictional defect is not obvious and the court/judge should be allowed to decide the jurisdictional issue.'" *State ex rel. Huntington Natl. Bank v. Kontos*, 11th Dist. Trumbull No. 2013-T-0089, 2014-Ohio-1374, ¶ 12, quoting *Leatherworks* at ¶ 19.

{¶6} In *State v. Graham*, --- Ohio St.3d ---, 2020-Ohio-6700, --- N.E.3d ---, the Supreme Court of Ohio vacated relator's death sentence and remanded the cause to the trial court for resentencing consistent with R.C. 2929.06. *Id.* at ¶ 217. The court subsequently appointed counsel for relator, who filed an application for reopening his direct appeal.

{¶7} Relator argues that respondent patently and unambiguously lacks jurisdiction as a result of his pending application in the Supreme Court of Ohio. Relator cites no legal authority directly stating this legal proposition. Rather, he argues that his application for reopening is analogous to (1) a trial court's loss of jurisdiction following the

3

filing of a notice of appeal of a denial of a post-conviction petition; and/or (2) an application for reopening filed in a court of appeals pursuant to App.R. 26(B).

{¶8} Without direct legal authority indicating a subsequent application for reopening filed in the Supreme Court of Ohio is the functional equivalent of an appeal or deprives a trial court of jurisdiction, we cannot say respondent's lack of jurisdiction is patent and unambiguous.

{¶9} Further, an application for reopening in the Supreme Court of Ohio is governed by the court's own specific rules of practice. Specifically, S.Ct.Prac.R. 11.06(F)(2) provides that "[i]f the Supreme Court grants the application," it shall "[i]mpose conditions, if any, necessary to preserve the status quo during the pendency of the reopened appeal." Thus, it appears that the Supreme Court of Ohio's *granting* of an application for reopening, as opposed to an appellant's mere *filing*, implicates a trial court's jurisdiction.

{¶10} We conclude that relator has not established that there are no set of facts under which the trial court could have jurisdiction. Accordingly, respondent's motion to dismiss is granted.


CYNTHIA WESTCOTT RICE, J.,

MATT LYNCH, J.,

concur.

4