PER CURIAM OPINION
{¶ 1} The action in prohibition is presently before this court for consideration of the motion to dismiss of respondent, Judge Gary L. Yost of the Ashtabula County Court of Common Pleas. As the sole basis for his motion, respondent asserts that the petition of relator, Robert J. Leonard, fails to state a viable claim for the writ because his own allegations support the conclusion that respondent has not acted beyond the scope of his jurisdiction. For the following reasons, this court concludes that the dismissal motion *Page 2 
is well-taken.
 {¶ 2} Relator is presently incarcerated in the Lake Erie Correctional Institution, having been convicted of aggravated vehicular assault in July 2002. Respondent is the judge who presided over relator's criminal trial. As part of the final judgment rendered in the criminal case at that time, respondent sentenced relator to a definite term of five years in a state prison. However, that particular judgment did not contain any reference to the possibility that relator could be subject to post-release control once his term of imprisonment had been completed.
 {¶ 3} After relator had served approximately four years of his term, respondent ordered his transfer from the state prison to the Ashtabula County Court of Common Pleas for sole purpose of conducting a new hearing in the underlying criminal action. Specifically, the new hearing took place to determine whether relator should be subject to post-release control under R.C. 2967.28. Following the conclusion of that hearing, respondent rendered a nunc pro tunc judgment which essentially amended the original sentencing judgment to include a statement concerning the possible imposition of post-release control once he is released from prison.
 {¶ 4} Within one month of the issuance of the nunc pro tunc order, relator filed the instant case before this court. As the grounds for his prohibition petition, he alleged that, once this court had affirmed his underlying conviction and he had started to serve his five-year sentence, respondent did not have the jurisdiction to reopen his case and amend an aspect of his sentence. For his ultimate relief, relator sought the issuance of an order which would require respondent to vacate the nunc pro tunc order and enjoin respondent from exercising any jurisdiction over the criminal action in the future. *Page 3 
 {¶ 5} In now moving to dismiss the prohibition claim, respondent readily admits that he performed the specific acts cited by relator. Despite this, respondent states that relator's allegations are still legally insufficient to establish a lack of jurisdiction because respondent was acting in accordance with a new statute. In support of this assertion, respondent cites R.C. 2929.191, which took effect on July 11, 2006. Subsection (A)(1) of this new provision states:
 {¶ 6} "(A)(1) If, prior to the effective date of this section, a court imposed a sentence including a prison term of a type described in division (B)(3)(c) of section 2929.19 of the Revised Code and failed to notify the offender pursuant to that division that the offender will be supervised under section 2967.28 of the Revised Code after the offender leaves prison or to include a statement to that effect in the judgment of conviction entered on the journal or in the sentence pursuant to division (F) (1 ) of section 2929.14 of the Revised Code, at any time before the offender is released from imprisonment under that term and at a hearing conducted in accordance with division (C) of this section, the court may prepare and issue a correction to the judgment of conviction that includes in the judgment of conviction the statement that the offender will be supervised under section 2967.28 of the Revised Code after the offender leaves prison."
 {¶ 7} Our review of R.C. 2929.19(B)(3) shows that it sets forth a list of specific steps a trial court must take in imposing a prison term on a convicted offender. In turn, subsection (B)(3)(c) provides, inter alia, that if the offender was found guilty of a third-degree felony which involved actual or threatened physical harm to the victim, the trial court must notify him at the sentencing hearing that he could be subject to supervision *Page 4 
under post-release control. According to relator's own allegations in this case, he was convicted and sentenced for aggravated vehicular assault, a third-degree felony. As a result, since relator's sentence was covered under R.C. 2929.19(B)(3)(c) and he was not informed of the possible imposition of post-release control when he was convicted in July 2002, R.C. 2929.191(A)(1) was applicable to him.
 {¶ 8} Under the latter statute, a trial judge clearly has the authority to hold a new hearing and amend the original sentencing judgment to indicate that an offender will be subject to post-release control upon the completion of his jail term. Therefore, relator's own allegations readily indicate that respondent was only following the dictates of R.C. 2929.19(B)(3)(c) when he held the new hearing in August 2006.
 {¶ 9} As this court has stated on numerous occasions, the basic function of a writ of prohibition is to stop an inferior court from engaging in acts which are beyond the scope of its jurisdiction. SeeState ex rel. The Leatherworks Partnership v. Stuard, 11th Dist. No. 2002-T-0017, 2002-Ohio-6477, at ¶ 15. Consistent with this purpose, it has been held that a writ of prohibition will lie only when the relator can meet the following three elements: (1) the inferior court is about to employ its judicial authority; (2) the use of that authority is not clearly permitted under the law; and (3) the denial of the writ would result in an injury for which there is no adequate legal remedy.State ex rel. Godale v. Geauga Cty. Ct. of Common Pleas,166 Ohio App.3d 851, 2006-Ohio-2500, at ¶ 6. In regard to the application of the second and third elements of such a claim, this court has stated:
 {¶ 10} "* * * If the court's lack of jurisdiction is patent and unambiguous, a writ of prohibition can issue even when there exists an alternative remedy which would *Page 5 
adequately protect the relator's rights. * * * However, if the lack of jurisdiction is not patent and unambiguous, the writ will lie only if no other adequate legal remedy exists. * * * In regard to the `adequate remedy' element, the Supreme Court of Ohio has stated that a direct appeal is an adequate legal remedy. * * *." (Citations omitted.)State ex rel. Biros v. Logan, 11th Dist. No. 2003-T-0016,2003-Ohio-5425, at ¶ 11.
 {¶ 11} In Biros, a prison inmate sought a writ of prohibition on the basis that the trial judge had exceeded his jurisdiction by ordering him to pay certain court costs. In granting a motion to dismiss the prohibition claim, this court first noted that R.C. 2947.23 expressly provided for the imposition of court costs upon a convicted defendant in a criminal prosecution. Based on this, we ultimately held that, at the very least, any lack of jurisdiction on the part of the trial court would certainly not be plain and unambiguous, and that the inmate had an adequate legal remedy through a direct appeal of the "court costs" judgment. Id., at ¶ 12.
 {¶ 12} The Biros analysis would obviously apply to the allegations in the instant matter. Because respondent was acting in accordance with R.C. 2929.191, it cannot be said that any lack of jurisdiction on his part was somehow patent and unambiguous; in fact, this court would expressly conclude that respondent clearly had jurisdiction to hold the new hearing and issue the new judgment. Furthermore, if relator decided to contest the constitutionality of R.C. 2929.191 or the propriety of respondent's application of the new statute to him, he had an adequate legal remedy through a new appeal of the new decision. As to the latter point, we would emphasize that even if we would accept the characterization of respondent's new judgment as a "nunc pro tunc" order, relator would still be able to maintain a delayed appeal from the original sentencing judgment under *Page 6 
App.R. 5(A). That is, since the nunc pro tunc judgment would have the essential effect of adding a new provision to the sentencing judgment, he could bring a second appeal for the limited purpose of challenging the imposition of post-release control.
 {¶ 13} In reviewing the merits of prior prohibition claims, this court has stated that such claims can be subject to dismissal under Civ.R. 12(B)(6) when "* * * the nature of the relator's allegations are such that, even when all reasonable inferences are made in his favor, it is apparent beyond doubt that the relator will be unable to establish a set of facts under which the writ would be warranted." The LeatherworksPartnership, 2002-Ohio-6477, at ¶ 25, citing State ex rel. Hunter v.Summit Cty. Human Resources Comm. (1998), 81 Ohio St.3d 450, 451. Applying this standard to the sole claim in the instant action, this court holds that relator's allegations are not legally sufficient to establish the second and third elements of a prohibition cause of action. Even if the allegations are construed in a manner most favorable to relator, they still could never prove both a lack of jurisdiction on the part of respondent and the lack of an adequate legal remedy.
 {¶ 14} Pursuant to the foregoing analysis, respondent's motion to dismiss the prohibition claim is granted. It is the order of this court that relator's prohibition claim is hereby dismissed in its entirety.
WILLIAM M. O'NEILL, J., DIANE V. GRENDELL, J., COLLEEN MARY OTOOLE, J., concur. *Page 1