PER CURIAM OPINION
{¶ 1} This action in prohibition is presently before this court for consideration of the motion to dismiss of respondent, Judge Gary L. Yost of the Ashtabula County Court of Common Pleas. As the primary basis for his motion, respondent asserts that the petition of relator, Michael P. McKay, fails to state a viable claim for a writ because his allegations support the conclusion that there is an alternative legal remedy he could pursue as to the underlying matter. For the following reasons, we hold that the *Page 2 
dismissal of this case is warranted.
 {¶ 2} At the time of the filing of the instant action, relator was incarcerated in the Lake Erie Correctional Institution, having been convicted of certain felony offenses in January 2001. Respondent was the common pleas judge who presided over relator's criminal trial. As part of the final judgment in the underlying matter, respondent ordered relator to serve a total sentence of seven years, with the separate terms on the various offenses to be served concurrently. However, that judgment did not have any language indicating that, after the prison term had terminated, relator might be subject to post-release control under R.C. 2967.28.
 {¶ 3} In August 2006, after relator had completed over five years of the imposed sentence, respondent issued a new order which required relator's conveyance from the state prison for the purpose of holding a new hearing in his original criminal case. As a part of this new proceeding, respondent addressed the question of whether the nature of relator's convictions warranted the imposition of post-release control. Upon having the oral hearing and reviewing the matter, respondent rendered a second, new judgment which modified the original sentencing judgment to state that relator would be obligated to comply with the requirements of post-release control at the end of his prison term.
 {¶ 4} Within days following the issuance of the "post-release control" judgment, relator brought this action for a writ of prohibition. As the basic allegation in his petition, relator stated that the "post-release control" judgment had to be declared void because respondent had not had the jurisdiction to conduct the new hearing and then modify the original sentencing judgment. That is, relator argued that, since this court had affirmed *Page 3 
his convictions in 2002 and had not remanded the underlying case for any additional proceedings, respondent had not had any authority to reopen the case for any purpose. For his ultimate relief, relator requested the issuance of a writ to compel respondent to vacate the "post-release control" judgment and enjoin him from taking any further steps as to the underlying criminal matter.
 {¶ 5} In now challenging the legal sufficiency of relator's sole claim, respondent does not contest the fact that he held the hearing and issued the judgment in question. Notwithstanding this, he contends that relator's allegations are still insufficient to prove a lack of jurisdiction because his actions were done in compliance with an existing state statute. Furthermore, respondent maintains that since he had colorable authority to go forward, any error in his actions can be reviewed only in a direct appeal from the "post-release control" judgment.
 {¶ 6} In support of the jurisdictional aspect of his argument, respondent refers to R.C. 2929.191, which governs corrections to judgments of conviction. This statute took effect on July 11, 2006. Subsection (A) (1 ) of the provision states:
 {¶ 7} "If, prior to the effective date of this section, a court imposed a sentence including a prison term of a type described in division (B)(3)(c) of section 2929.19 of the Revised Code and failed to notify the offender pursuant to that division that the offender will be supervised under section 2967.28 of the Revised Code after the offender leaves prison or to include a statement to that effect in the judgment of conviction entered on the journal or in the sentence pursuant to division (F)(1) of section 2929.14 of the Revised Code, at any time before the offender is released from imprisonment under that term and at a hearing conducted in accordance with division (C) of this section, the *Page 4 
court may prepare and issue a correction to the judgment of conviction that includes in the judgment of conviction the statement that the offender will be supervised under section 2967.28 of the Revised Code after the offender leaves prison."
 {¶ 8} As the plain wording of the foregoing provision indicates, the procedure set forth in R.C. 2929.191 can be followed only if the criminal defendant has received a sentence described in R.C.2929.19(B)(3)(c). Our review of R.C. 2929.19(B)(3) shows that it delineates a list of specific steps a trial court must take in imposing a prison term on a convicted defendant. Subsection (B)(3)(c) then provides, inter alia, that when the defendant was found guilty of a second-degree felony, the trial court must notify him at the sentencing hearing that he will be subject to supervision under post-release control.
 {¶ 9} In the present case, there is no dispute that, of the three offenses of which relator was convicted, two were second-degree felonies. Those offenses consisted of illegal manufacturing of drugs and aggravated possession of drugs. As a result, since relator's sentence was covered under R.C. 2929.19(B)(3)(c) and he was not informed of the possible imposition of post-release control when he was convicted in January 2001, R.C. 2929.191(A)(1) was applicable to him.
 {¶ 10} Under the latter statute, a trial judge clearly has the authority to hold a new hearing and amend the original sentencing judgment to indicate that an offender will be subject to post-release control upon the completion of his jail term. Therefore, relator's own allegations as to respondent's actions in the underlying matter readily indicate that respondent was only following the dictates of R.C.2929.191 when the new hearing took place in August 2006.
 {¶ 11} Recently, this court had the opportunity to consider whether the propriety *Page 5 
of the application of R.C. 2929.191 can be contested in a prohibition action. In State ex rel. Leonard v. Yost, 11th Dist. No. 2006-A-0060,2007-Ohio-896, the trial judge issued a nunc pro tunc judgment which, in accordance with R.C. 2929.191, altered the original sentencing order to include the imposition of post-release control. Under his prohibition petition, the defendant essentially asserted that the nunc pro tunc judgment should have no effect because the trial judge lacked the authority to reopen an action and impose a new sanction. In holding that the defendant had failed to state a viable claim for a writ, our opinion contained the following four paragraphs of legal analysis:
 {¶ 12} "As this court has stated on numerous occasions, the basic function of a writ of prohibition is to stop an inferior court from engaging in acts which are beyond the scope of its jurisdiction. SeeState ex rel. The Leatherworks Partnership v. Stuard, 11th Dist. No. 2002-T-0017, 2002-Ohio-6477, at ¶ 15. Consistent with this purpose, it has been held that a writ of prohibition will lie only when the relator can meet the following three elements: (1) the inferior court is about to employ its judicial authority; (2) the use of that authority is not clearly permitted under the law; and (3) the denial of the writ would result in an injury for which there is no adequate legal remedy.State ex rel. Godale v. Geauga Cty. Ct. of Common Pleas,166 Ohio App.3d 851, 2006-Ohio-2500, at ¶ 6. In regard to the application of the second and third elements of such a claim, this court has stated:
 {¶ 13} "`* * * If the court's lack of jurisdiction is patent and unambiguous, a writ of prohibition can issue even when there exists an alternative remedy which would adequately protect the relator's rights. * * * However, if the lack of jurisdiction is not patent and unambiguous, the writ will lie only if no other adequate legal remedy exists. *Page 6 
* * * In regard to the "adequate remedy" element, the Supreme Court of Ohio has stated that a direct appeal is an adequate legal remedy. * * *.' (Citations omitted.) State ex rel. Biros v. Logan, 11th Dist. No. 2003-T-0016, 2003-Ohio-5425, at ¶ 11.
 {¶ 14} "In Biros, a prison inmate sought a writ of prohibition on the basis that the trial judge had exceeded his jurisdiction by ordering him to pay certain court costs. In granting a motion to dismiss the prohibition claim, this court first noted that R.C. 2947.23 expressly provided for the imposition of court costs upon a convicted defendant in a criminal prosecution. Based on this, we ultimately held that, at the very least, any lack of jurisdiction on the part of the trial court would certainly not be plain and unambiguous, and that the inmate had an adequate legal remedy through a direct appeal of the `court costs' judgment. Id., at ¶ 12.
 {¶ 15} "The Biros analysis would obviously apply to the allegations in the instant matter. Because [the trial judge] was acting in accordance with R.C. 2929.191, it cannot be said that any lack of jurisdiction on his part was somehow patent and unambiguous; in fact, this court would expressly conclude that [the trial judge] clearly had jurisdiction to hold the new hearing and issue the new judgment. Furthermore, if [the defendant] decided to contest the constitutionality of R.C. 2929.191 or the propriety of [the trial judge's] application of the new statute to him, he had an adequate legal remedy through a new appeal of the new decision. * * *." Leonard, 2007-Ohio-896, at ¶ 9-12.
 {¶ 16} In light of the factual similarities between Leonard and the present action, this court concludes that the Leonard holding would also be controlling in this instance. Since relator's own allegations readily indicate that respondent was following the basic *Page 7 
procedure in R.C. 2929.191, respondent's jurisdiction to proceed was colorable, at the very least. Therefore, in order for relator to be entitled to the writ, it would be necessary for him to establish that there was no alternative remedy he could pursue to contest the "post-release control" judgment. However, pursuant to Leonard, such a remedy clearly existed: i.e., a direct appeal from that judgment. Under a direct appeal, relator would be able to raise any type of argument, including whether respondent was correct in holding that the statute was applicable to him. Moreover, even if it is now too late to file a timely notice of appeal from the "post-release control" judgment, he could still attempt to bring a delayed appeal under App.R. 5(A).
 {¶ 17} As was noted above, respondent's motion to dismiss was based upon the contention that relator's petition failed to state a viable claim for relief. Under Civ.R. 12(B)(6), the dismissal of a civil claim is warranted when, even after the plaintiff/relator's allegations are presumed true and all reasonable inferences are made in his favor, it is still beyond doubt that he will be unable to demonstrate a set of facts under which the issuance of the writ would be proper. State ex rel.Kister-Welty v. Hague, 160 Ohio App.3d 486, 2005-Ohio-1788, at ¶ 24. In applying this standard to the allegations in the instant matter, we hold that relator's sole claim is legally insufficient because he will never be able to satisfy the second and third elements for a writ of prohibition.
 {¶ 18} Pursuant to the foregoing analysis, respondent's motion to dismiss the prohibition claim is granted. It is the order of this court that relator's prohibition claim is hereby dismissed in its entirety.
CYNTHIA WESTCOTT RICE, P.J., WILLIAM M. O'NEILL, J., DIANE V. GRENDELL, J., concur. *Page 1