[Cite as *State ex rel. Mitseff v. Park*, 2011-Ohio-5461.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO, EX REL<br>DENISE C. MITSEFF | JUDGES:<br>Hon. William B. Hoffman, P.J.<br>Hon. Sheila G. Farmer, J. |
| Relator | Hon. John W. Wise, J. |
| v. | |
| HONORABLE DIXIE N. PARK, | Case No. 2011CA00152 |
| Respondent | O P I N I O N |

CHARACTER OF PROCEEDING:        Writ of Prohibition and
Writ of Mandamus


JUDGMENT:        DENIED


DATE OF JUDGMENT:        October 24, 2011



APPEARANCES:

For Relator                                                   For Respondent

G. IAN CRAWFORD                                JOHN D. FERRERO
Courtyard Centre, Suite 800                    Prosecutor
116 Cleveland Avenue N.W.                    By: AMY A. SABINO
Canton, OH 44702                                  Assistant Prosecuting Attorney
                                                              110 Central Plaza South
                                                              Suite 510
                                                              Canton, OH 4470

*Farmer, J.*

{¶1}    Relator, Denise Mitseff, has filed a Complaint for Writ of Mandamus and/or Prohibition requesting this Court issue a writ requiring Respondent to accept a settlement agreement in the Stark County Probate Court and to prohibit Respondent from continue acting in the underlying probate court cases.  Respondent has filed a motion to dismiss arguing she does not have a clear legal duty to accept the settlement agreement.  Further, Respondent argues she has jurisdiction to continue to preside over the cases now pending in her court.

{¶2}    Relator filed a request in the Stark County Probate Court to become the guardian of Relator's mother and father.  A hearing was held, however, Relator's father died before the trial court issued a ruling.  The application for guardianship over Relator's father was dismissed as moot.  Relator was appointed as the guardian of her mother's person and eventually of her mother's estate.  Several months after the appointment, Relator's mother died.

{¶3}    An estate was opened Relator's mother wherein Relator was appointed as executrix.  The trial court asked Relator to resign from her position as executrix which Relator agreed to do.  Attorney Stephen Ginella has been named substitute executor of the estate.  A special commissioner was also appointed to assist Respondent in identifying any problems with the guardianship accounting.

{¶4}    Relator and her brother are the only heirs to the estate of Relator's mother.  Both Relator and her brother are represented by counsel.  They came to an agreement relative to the distribution of estate assets, life insurance proceeds, and annuity proceeds.

{¶5} The parties advised the court that a settlement had been reached. A hearing was scheduled where the parties intended to discuss the settlement, however, prior to the hearing the special commissioner filed a preliminary report raising concerns over Relator's spending during her time as guardian as well as possible missing assets on the inventory. Rather than accepting and reviewing the proposed settlement, Respondent issued an order staying the settlement and ordered the parties to cooperate with the special commissioner who had been appointed to assist the court in evaluating the final account in the guardianship of Relator's mother.

{¶6} In response to the trial court's entry staying the settlement, Relator filed a notice of appeal as well as the instant complaint.

{¶7} In order for a writ of prohibition to issue, petitioner must prove that: (1) the lower court is about to exercise judicial authority; (2) the exercise of authority is not authorized by law; and, (3) the petitioner has no other adequate remedy in the ordinary course of law if a writ of prohibition is denied. *State ex rel. Keenan v. Calabrese* (1994), 69 Ohio St.3d 176, 178, 631 N.E.2d 119. A writ of prohibition, regarding the unauthorized exercise of judicial power, will only be granted where the judicial officer's lack of subject-matter jurisdiction is patent and unambiguous. *Ohio Dept. of Adm. Serv., Office of Collective Bargaining v. State Emp. Relations Bd.* (1990), 54 Ohio St.3d 48, 562 N.E.2d 125. State ex rel. Daniels v. Harris 2008 WL 5197131, 1 (Ohio App. 5 Dist.).

{¶8} As the Supreme Court has explained, "It is a well-settled principle of law that probate courts are courts of limited jurisdiction and are permitted to exercise only the authority granted to them by statute and by the Ohio Constitution. *Corron v. Corron*

(1988), 40 Ohio St.3d 75, 77, 531 N.E.2d 708." *In re Hollins,* 114 Ohio St.3d 434, 2007-Ohio-4555, 872 N.E.2d 1214, ¶ 11. The general grant of jurisdiction to probate courts regarding guardians is comprehensive. R.C. 2101.24 states:

{¶9}   "(A)(1) Except as otherwise provided by law, the probate court has exclusive jurisdiction:

{¶10}   " * * *

{¶11}   "(e) To appoint and remove guardians, conservators, and testamentary trustees, direct and control their conduct, and settle their accounts.

{¶12}   " * * *

{¶13}   "(C) The probate court has plenary power at law and in equity to dispose fully of any matter that is properly before the court, unless the power is expressly otherwise limited or denied by a section of the Revised Code.

{¶14}   "In addition, the probate court is the 'superior guardian,' and other guardians must obey all probate orders: 'At all times, the probate court is the superior guardian of wards who are subject to its jurisdiction, and all guardians who are subject to the jurisdiction of the court shall obey all orders of the court that concern their wards or guardianships.' R.C. 2111.50(A)(1).

{¶15}   " * * *

{¶16}   "It is also clear that the probate court has the plenary authority to investigate guardians." *In re Guardianship of Spangler* (2010), 126 Ohio St.3d 339, 346-347, 933 N.E.2d 1067, 1073 – 1074.

{¶17}   The probate court has jurisdiction over guardianships pursuant to statute and further has the power to investigate guardians pursuant to the probate court's

plenary power. Relator has not demonstrated Respondent's exercise of judicial authority is unauthorized by law. For these reasons, the writ of prohibition does not lie.

**{¶18}** A writ of mandamus will issue if the party seeking the writ demonstrates that the respondent is under a clear duty to perform the requested act, that there is clear legal right to the requested relief, and that there is no plain and adequate remedy in the ordinary course of the law. *State ex rel. Berger v. McMonagle* (1983), 6 Ohio St.3d.28, 29, 451 N.E.2d 225, citing *State ex rel. Heller v. Miller* (1980), 61 Ohio St.2d 6, 399 N.E.2d 66, syllabus 1. Lawrence Twp. Bd. of Trustees v. Canal Fulton 2009 WL 418752, 3 (Ohio App. 5 Dist.).

**{¶19}** Relator argues Respondent has a clear legal duty to accept the parties' settlement agreement based upon the right to contract.

**{¶20}** Guardianships are not adversarial proceedings. The Supreme Court has held, "Guardianship proceedings, including the removal of a guardian, are not adversarial but rather are *in rem* proceedings involving only the probate court and the ward. *In re Guardianship of Santrucek,* 120 Ohio St.3d 67, 2008-Ohio-4915, 896 N.E.2d 683, ¶ 5. Because the probate court is the superior guardian, the appointed guardian is simply an officer of the court subject to the court's control, direction, and supervision. *In re Guardianship of Daugherty* (Mar. 9, 1984), 7th Dist. Nos. 83-C-24 and 83-C-29, 1984 WL 7676. The guardian, therefore, has no personal interest in his or her appointment or removal." *In re Guardianship of Spangler* (2010), 126 Ohio St.3d 339, 346-347, 933 N.E.2d 1067, 1073 – 1074.

**{¶21}** Relator and her brother are potential heirs to the proceeds in the guardianship, however, they are not parties in the guardianship case. They cannot

demonstrate they have a clear legal right to cause the guardianship to be closed by agreement.   Only the probate court has the power and right to terminate the guardianship case.

{¶22}  Because Relator has failed to demonstrate she has a clear legal right to have Respondent accept the settlement with her brother, a writ of mandamus will not issue.

By Farmer, J.

Hoffman, P.J. and

Wise, J. concur.

_s/ Sheila G. Farmer_____

__s/ William B. Hoffman_____

_s/ John W. Wise_____

JUDGES

[Cite as *State ex rel. Mitseff v. Park*, 2011-Ohio-5461.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

STATE OF OHIO, EX REL
DENISE C. MITSEFF                          :
                                           :
        Relator                            :
                                           :
v.                                         :        JUDGMENT ENTRY
                                           :
HONORABLE DIXIE N. PARK                    :
                                           :
        Respondent                         :        CASE NO. 2011CA00152


        For the reasons stated in our accompanying Memorandum-Opinion, the writs of

prohibition and mandamus are denied.  Costs to Relator.



                                        / Sheila G. Farmer_____



                                        __s/ William B. Hoffman_____



                                        _s/ John W. Wise_____

                                                JUDGES