[Cite as *State ex rel. Tucker v. Grendell*, 2013-Ohio-539.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# GEAUGA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO ex rel.<br>JONATHAN TUCKER, | : | **PER CURIAM OPINION** |
| Relator, | : | |
| | | **CASE NO. 2012-G-3125** |
| - vs - | : | |
| TIMOTHY J. GRENDELL, JUDGE, | : | |
| Respondent. | : | |

Original Action for Writ of Prohibition or Mandamus.

Judgment: Petition dismissed.

*Jane Timonere,* Timonere Law Offices, L.L.C., 4 Lawyers Row, Jefferson, OH 44047-1099 (For Relator).

*Timothy J. Grendell, Judge,* pro se, 231 Main Street, Suite 200, Chardon, OH 44024 (Respondent).

PER CURIAM.

{¶1} This cause came for consideration upon relator-Jonathan Tucker's petition for a writ of prohibition or, in the alternative, a writ of mandamus. Relator alleges the Geauga County Juvenile Court lost jurisdiction to rule on any further matters pertaining to a dependency complaint filed by the Geauga County Children's Services Board (Case No. 11 JF 000221) due to the purported passing of the statutory sunset date. Respondent, Timothy J. Grendell, Judge for the Geauga Juvenile Court, rejected relator's argument ruling the juvenile court retained general jurisdiction over the child.

Relator now seeks a writ of prohibition precluding the respondent from holding any future hearings and preventing any future rulings in Case No. 11 JF 00021. Relator also requests this court to issue a writ of mandamus requiring the Geauga Juvenile Court to transfer any further proceedings in Case No. 11 JF 000221 to the Ashtabula County Juvenile Court. For the reasons that follow, we dismiss relator's petition.

{¶2} In 2008, relator, a resident of Indiana and father of K.D.2, initiated a visitation case in the Ashtabula County Court of Common Pleas, Juvenile Division (Case No. 09JI264). At that time, Tiffany Dixon, mother of K.D.1 (unrelated to relator) and K.D. 2, lived with her minor children in Ashtabula. Ms. Dixon and the children subsequently moved to Geauga County and, the pleadings indicate, in May 2011, Geauga County Job and Family Services ("GCJFS"), initiated a dependency complaint (Case No. 11JF000221). As a result, K.D.1 was placed in the temporary custody of GCJFS and K.D.2 was placed in the temporary custody of relator.

{¶3} After the Geauga case was initiated, the guardian ad litem in Case No. 09JI264 moved to terminate the jurisdiction of the Ashtabula Juvenile Court in Case No. 09JI264. The trial court, however, denied the motion and held "all matters regarding custody and visitation in abeyance pending further hearing by Geauga County Juvenile Court."

{¶4} In December 2011, The Geauga Juvenile Court granted legal custody of K.D.1 to Ms. Dixon with protective supervision by GCJFS; protective supervision was terminated on May 10, 2012. On May 11, 2012, the parties convened for a hearing regarding relator's temporary custody and Ms. Dixon's motion to terminate the same. And, on May 17, 2012, the Geauga Juvenile Court issued its judgment reunifying K.D.2 with Ms. Dixon and K.D.1 "subject to GCJFS protective supervision and pending further

2

review by this Court." The judgment additionally provided that "[t]his Judgment Entry is an interim order. The court will continue to exercise jurisdiction over K.D.2 in this case."

{¶5} Relator subsequently filed a motion to vacate the May 17, 2012 judgment. In his motion, relator set forth essentially the same arguments as he asserts in the underlying petition; namely, that the trial court lacked jurisdiction over the matter because the dependency statute terminates any temporary custody orders still in effect one year after a complaint is filed. The Geauga County Juvenile Court denied the motion, noting it possessed ongoing jurisdiction over the matter. Relator did not appeal this judgment. Instead, he filed the instant petition requesting this court to issue a writ of prohibition or mandamus against respondent. Respondent subsequently filed a motion to dismiss the petition for failure to state a claim upon which relief can be granted.

{¶6} For a court to grant a motion to dismiss for failure to state a claim, "it must appear beyond doubt that the [relator] can prove no set of facts in support of his claim which would entitle him to relief." *Huffman v. Willoughby*, 11th Dist. No. 2007-L-040, 2007-Ohio-7120, ¶18. With this standard in mind, we shall consider relator's request for relief in prohibition first.

{¶7} The general purpose of a writ of prohibition is to determine whether a lower court has subject matter jurisdiction over a particular matter. *State ex rel. Corn v. Russo*, 90 Ohio St.3d 551, 554 (2001). The Ohio Supreme Court has observed that a writ of prohibition will be issued only if the relator can establish the following elements: (1) that the trial court has the present intent to exercise judicial authority; (2) that the proposed authority is beyond the scope of the trial court's jurisdiction; and (3) if the writ

3

is denied, the injury will cause an injury for which no other adequate legal remedy exists. *State ex rel. Suburban Constr. Co. v. Skok*, 85 Ohio St.3d 645, 646 (1999).

{¶8} Regarding the second and third elements, this court has underscored that the absence of an adequate legal remedy is not required when the lack of judicial authority to act is patent and unambiguous, i.e., if the lack of jurisdiction is obvious, the writ will be awarded upon proof of the first two elements alone. *State ex rel. Godale v. Court of Common Pleas*, 166 Ohio App.3d 851, 2006-Ohio-2500, ¶6 (11th Dist. 2006) citing *State ex rel. Biros v. Logan*, 11th Dist. No. 2003-T-0016, 2003-Ohio-5425, ¶11. If, however, the lack of jurisdiction is not patent and unambiguous, the fact that a party can appeal a lower court's decision precludes the issuance of the writ because, when a court has general jurisdiction over the subject matter of a case, it has the inherent authority to decide whether that jurisdiction has been properly invoked in a specific instance. *State ex rel. Hummel v. Sadler*, 96 Ohio St.3d 84, 2002-Ohio-3605, ¶21. Hence, "the propriety of a prohibition claim must begin with the question of whether the purported jurisdictional defect can be deemed patent and unambiguous." *State ex rel. Feathers v. Hayes*, 11th Dist. No. 2006-P-0092, 2007-Ohio-3852, ¶12. In reviewing this question, this court has held the following standard should be used:

{¶9} [I]f there are no set of facts under which a trial court or judge could have jurisdiction over a particular case, the alleged jurisdictional defect will always be considered patent and unambiguous. On the other hand, if the court or judge generally has subject matter jurisdiction over the type of case in question and his authority to hear that specific action will depend on the specific facts before him, the jurisdictional defect is not obvious and the court/judge

4

should be allowed to decide the jurisdictional issue. See *State ex rel. Lee v. Trumbull Cty. Probate Court* (Sept. 17, 1999), 11th Dist. No. 97-T-0150, 1999 Ohio App. LEXIS 4326. *State ex rel. The Leatherworks Partnership v. Stuard*, 11th Dist. No. 2002-T-0017, 2002-Ohio-6477, ¶19

{¶10} In this case, we find relator has failed to establish the Geauga County Juvenile Court is patently and unambiguously without jurisdiction.

{¶11} In *In re Young Children*, 76 Ohio St.3d 632 (1996), the Supreme Court of Ohio addressed whether a juvenile court loses jurisdiction to enter dispositional orders upon expiration of the "sunset" date set forth under R.C. 2151.353(F). The court answered the question in the negative, concluding that, although sunset date terminates temporary custody orders that have not been re-filed, it does not affect the juvenile court's general jurisdiction. *Id.* at 638. Rather, the court opined, the juvenile court retains jurisdiction over the child and may enter further dispositional orders as it deems necessary to protect the child. *Id.*

{¶12} The court underscored that its conclusion "allows the juvenile court to assess each situation on its merits, and does not mandate the return of children to a situation from which they originally needed protection solely because the agency charged with their care missed a filing deadline." *Id.* Contrary to the relator's assertion, therefore, the trial court does not automatically lose jurisdiction upon the expiration of the "sunset" date set forth under R.C. 2151.353(F). Instead, the court retains general jurisdiction to enter further dispositional orders set forth under R.C. 2151.353(A) in service of a child's best interests. We therefore find that the juvenile did not patently and unambiguously lack jurisdiction upon the passing of the sunset date. That is,

5

relator has failed to establish there are no set of facts under which the trial court could exercise general jurisdiction in the previously-filed dependency action. Relator's petition for writ of prohibition therefore fails to state a claim upon which relief can be granted.

{¶13} We further find relator fails to state a claim upon which relief in mandamus can be granted. Before a writ of mandamus will lie, a relator must demonstrate that: "(1) he has a clear legal right to have a specific act performed by a public official; (2) the public official has a corresponding duty to perform that act; and (3) there is no other legal remedy that could be pursued to adequately resolve the matter." *State ex rel. Sanders v. Enlow*, 11th Dist. No. 2010-P-0022, 2010-Ohio-5053, ¶14.

{¶14} Because the trial court does not patently and unambiguously lack jurisdiction over the open dependency action, relator has neither established he has a clear legal right to have the matter transferred to Ashtabula County nor that respondent has a corresponding obligation to do so. Relator has therefore failed to establish the initial two elements requisite to issuing a writ of mandamus. He has consequently failed to state a claim upon which relief can be granted.

{¶15} For the reasons discussed in this opinion, we therefore conclude relator's "Petition for Writ of Prohibition or Mandamus" must be dismissed as a matter of law.


TIMOTHY P. CANNON, P.J., CYNTHIA WESTCOTT RICE, J., THOMAS R. WRIGHT, J., concur.