[Cite as *State ex rel. Brawley v. Carnes*, 2013-Ohio-1945.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| STATE ex rel. OMA LEE BRAWLEY, | : | **PER CURIAM OPINION** |
| Relator, | : | |
| - vs - | : | **CASE NO. 2012-P-0147** |
| HON. THOMAS J. CARNES, | : | |
| Respondent. | : | |

Original Action for Writ of Prohibition.

Judgment: Petition denied.

*John B. Ertle, Jr.*, 19443 Lorain Road, Fairview Park, OH 44126 (For Relator).

*Victor V. Vigluicci*, Portage County Prosecutor, and *Denise L. Smith*, Chief Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Respondent).

PER CURIAM.

{¶1} This cause is upon respondent, Judge Thomas J. Carnes', motion to dismiss or, in the alternative, for summary judgment. As the basis for his motion, Judge Carnes maintains that relator, Oma Lee Brawley, is not entitled to a writ of prohibition in the underlying guardianship case because, inter alia, she has an adequate remedy at law via appeal and the Portage County Probate Court has jurisdiction over the matter. After a review of the applicable law, the facts established by the docket, and the evidentiary material before this court, summary judgment in favor of respondent is warranted as a matter of law.

{¶2} The underlying case involves the guardianship of Ward Bonnie Brawley. On November 7, 2012, the Portage County Probate Court held a hearing and appointed Monnie Brawley as guardian to the ward. On November 9, 2012, relator filed a writ of prohibition, arguing the Portage County court does not have jurisdiction over the matter because she has already been appointed as temporary guardian in a Texas court. Though the Texas case has been dismissed, relator argues that she has appealed the matter there and, therefore, remains guardian under Texas law.

{¶3} Since the filing of this action, the Portage County Probate Court has continued to exercise jurisdiction and hold hearings on the matter. On November 29, 2012, the court conducted a hearing on relator's motion for a new trial. The trial court subsequently denied the motion in a December 19, 2012 entry, the appeal from which is currently pending before this court in case No. 2013-P-0002. On February 4, 2013, the trial court held a status hearing wherein it suspended Monnie Brawley's guardianship due to a criminal conviction and failure to complete steps to make the ward eligible for disability services; the court appointed Attorney Patricia Smith as temporary guardian. More recently, Monnie Brawley moved the trial court on March 22, 2013, to restore his guardianship authority, the outcome of which is unclear at this time.

{¶4} The standard for summary judgment is well established. To prevail on a motion for summary judgment, the moving party has the initial burden to affirmatively demonstrate that: (1) there is no genuine issue of material fact to be resolved in the case; (2) final judgment as a matter of law is warranted; and (3) the nature of the evidentiary materials, even when viewed in a light most favorable to the non-moving party, are such that a reasonable person could only reach a conclusion against the non-

2

moving party. *State ex. rel. Dehler v. Spatny*, 11th Dist. No. 2009-T-0075, 2010-Ohio-3052, ¶26.

{¶5}    The conditions that must exist to support the issuance of a writ of prohibition are: (1) the respondent against whom the writ is sought is about to exercise judicial power, (2) the exercise of such power is unauthorized by law, and (3) there is no other adequate remedy in the ordinary course at law. *State ex rel. McKee v. Cooper*, 40 Ohio St.2d 65 (1974), paragraph one of the syllabus.

{¶6}    First, relator's legal contention that the availability of an appeal is immaterial must be addressed. Concerning this third element, the availability of a remedy at law is immaterial to the issuance of a writ of prohibition only when a court is patently and unambiguously without jurisdiction to act; "i.e., if the lack of jurisdiction is obvious, the writ will be awarded upon proof of the first two elements alone." *State ex rel. Tucker v. Grendell*, 11th Dist. No. 2012-G-3125, 2013-Ohio-539, ¶8.

{¶7}    If, however, the lack of jurisdiction is not patent and unambiguous, the fact that a party can appeal a lower court's decision precludes the issuance of the writ because, when a court has general jurisdiction over the subject matter of a case, it has the inherent authority to decide whether that jurisdiction has been properly invoked in a specific instance. *Id*.

{¶8}    Thus, the initial inquiry is whether the alleged jurisdictional defect can be deemed patent and unambiguous.

{¶9}    [I]f there are no set of facts under which a trial court or judge could have jurisdiction over a particular case, the alleged jurisdictional defect will always be considered patent and unambiguous. On the

3

other hand, if the court or judge generally has subject matter jurisdiction over the type of case in question and his authority to hear that specific action will depend on the specific facts before him, the jurisdictional defect is not obvious and the court/judge should be allowed to decide the jurisdictional issue. *State ex rel. Leatherworks Partnership v. Stuard*, 11th Dist. No. 2002-T-0017, 2002-Ohio-6477, ¶19.

{¶10} "It is a well-settled principle of law that probate courts are courts of limited jurisdiction and are permitted to exercise only the authority granted to them by statute and by the Ohio Constitution." *Corron v. Corron*, 40 Ohio St.3d 75, 77 (1988). Pursuant to R.C. 2101.24(A)(1)(e), a probate court in Ohio patently has exclusive subject matter jurisdiction over guardianship actions. *See In re Guardianship of Lavers*, 6th Dist. No. L-11-1044, 2012-Ohio-1668, ¶22; *see also State ex rel. Mitseff*, 5th Dist. No. 2011 CA 00152, 2011-Ohio-5461, ¶17. ("The probate court has jurisdiction over guardianships pursuant to statute and further has the power to investigate guardians pursuant to the probate court's plenary power.") Further, pursuant to R.C. 2111.50(A)(1), "[a]t all times, the probate court is the superior guardian of wards who are subject to its jurisdiction, and all guardians who are subject to the jurisdiction of the court shall obey all orders of the court that concern their wards or guardianships." Thus, the Portage County Probate Court has patent jurisdiction over this matter.

{¶11} Relator argues the probate court nevertheless does *not* have jurisdiction over the matter because she has already been appointed a temporary guardianship in a Texas court. Relator recognizes that the temporary guardianship order in Texas was, in fact, dismissed. However, relator argues that the order dismissing the temporary

4

guardianship has been appealed in Texas. Relator points to Texas Probate Code Sec. 655, which states: "Pending an appeal from an order or judgment appointing a guardian, an appointee shall continue to act as guardian and shall continue the prosecution of a pending suit in favor of the guardianship." Thus, relator argues, she is still charged with supervising the ward, and the Portage County court therefore lacks jurisdiction.

**{¶12}** However, we take notice that this appeal was dismissed by the Second District Court of Appeals of Texas via unpublished memorandum opinion on March 7, 2013. Case No. 02-12-00505-CV. This argument is therefore moot.

**{¶13}** Relator further argues the trial court's pronouncement that its appointment was until further order of the court is not proper; however, given the above-framed points, this is a matter that can be addressed in a direct appeal.

**{¶14}** As the court is exercising lawful jurisdiction pursuant to statute, and as there remains a remedy via the ordinary course of law, reasonable minds can come to but one conclusion: the Portage County Probate Court patently and unambiguously has jurisdiction over this guardianship case.

**{¶15}** Respondent's summary judgment motion is therefore granted. It is the order of this court that judgment is hereby entered on relator's petition for writ of prohibition in favor of Respondent Judge Thomas J. Carnes.


TIMOTHY P. CANNON, P.J., CYNTHIA WESTCOTT RICE, J., THOMAS R. WRIGHT, J., concur.