OPINION
{¶ 1} In this accelerated calendar case, appellant, The Marvin Friedman and Harry Friedman Company ("Friedman"), appeals the judgment entered by the Lake County Court of Common Pleas. The trial court entered summary judgment in favor of appellee, LaSalle National Bank ("LaSalle").
 {¶ 2} In January 1994, appellant borrowed $6,525,000 from Eichler, Fayne Associates. This transaction was reduced to a two-page document entitled "multifamily note" ("note"). In addition, the agreement contained an "addendum to multifamily note" ("addendum"). The addendum contained ten additional numbered provisions to the agreement and was incorporated into the note.
 {¶ 3} This note was assigned to Mortgage Capital Funding, Inc. Thereafter, it was assigned to LaSalle.
 {¶ 4} On February 13, 2001, Friedman paid off the loan by wiring $6,430,219.42 to GMAC Commercial Mortgage ("GMACCM"). GMACCM served as master servicer and special servicer to a trust of pooled mortgages, which included the note at issue in this matter. GMACCM sent an acknowledgement notice to Friedman indicating receipt of the pay-off amount. This letter was signed by James Goodall, Assistant Vice President of GMACCM.
 {¶ 5} Friedman filed the instant action for overpayment of funds against LaSalle. The complaint sought $21,550.77, the amount Friedman calculated was overpaid as a result of interest being assessed from February 14, 2001 to February 27, 2001. In addition, Friedman sought interest on this amount from February 2001.
 {¶ 6} Both parties filed motions for summary judgment. Friedman submitted copies of the note, the addendum, and the acknowledgement letter from GMACCM. Also, Friedman submitted an affidavit from Marvin Friedman, one of its partners. In addition to the note and addendum, LaSalle submitted copies of a pooling agreement and an assignment agreement, as well as James Goodall's affidavit. The trial court granted LaSalle's motion for summary judgment.
 {¶ 7} Friedman raises the following assignment of error:
 {¶ 8} "The trial court committed reversible error by granting the defendant-appellee's motion for summary judgment because the plaintiff-appellant is entitled to summary judgment as a matter of law."
 {¶ 9} Pursuant to Civ.R. 56(C), summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.[1] In addition, it must appear from the evidence and stipulations that reasonable minds can come to only one conclusion, which is adverse to the non-moving party.[2]
The standard of review for the granting of a motion for summary judgment is de novo.[3]
 {¶ 10} The construction of written contracts is a matter of law.[4] In the case sub judice, both parties have agreed to the underlying facts. The only dispute is which provision of the addendum applies. Since the dispute is a matter of interpretation of written contract provisions, it is a matter of law. Thus, the resolution of this matter is properly within the realm of summary judgment.
 {¶ 11} The addendum contained the following language:
 {¶ 12} "1. Prepayments.
 {¶ 13} "(a) Yield Maintenance Period. During the first nine (9) years of the Note term beginning with the date of the Note (the `Yield Maintenance Period') and upon giving Lender sixty (60) days prior written notice, the Borrower may prepay the entire unpaid principal balance of the Note on the last Business Day before a scheduled monthly payment date by paying, in addition to the entire unpaid principal balance, accrued interest and any other sums due to the Lender at the time of prepayment, a prepayment premium * * *.
 {¶ 14} "* * *
 {¶ 15} "7. Calculation of Interest. Interest on the principal sum of the Note shall be calculated on the basis of a 360 day year consisting of twelve (12) months of thirty (30) days each. Interest on the Note shall be paid in arrears except that interest due and payable for a period less than a full month shall be calculated by multiplying the actual number of days elapsed in such period by a daily rate based on a 365 day year and shall be paid in advance."
 {¶ 16} The Tenth Appellate District has recently addressed the general issue of prepayment of a contract.[5] The court held, "absent statutory authority or a contractual provision to the contrary, there is no right to prepay a land installment contract."[6] While DiMarco v. Shay involved a land installment contract, the court conducted a thorough analysis of case law from other jurisdictions regarding a mortgagor's right to prepay a mortgage without contractual language or statutory authority authorizing such. The Tenth District adopted the majority view, that "`absent special agreement, the mortgagor in an unregulated transaction who promises to repay the loan, in installments at specified times or at a specified date, does not have a right to compel the creditor to accept prepayment.'"[7]
 {¶ 17} Applying this analogous reasoning to the case at bar, Friedman's right to prepay the note was provided by the prepayment provision of the addendum, i.e. paragraph one. Since prepayment is only allowed if there is a contract provision authorizing it, the specific prepayment clause governs this action. The prepayment clause clearly states that prepayment may be made on the last business day before a scheduled payment date.
 {¶ 18} In both its brief in support of its motion for summary judgment and its appellate brief, LaSalle heavily relies on the statements in the affidavit of James Goodall regarding pooling agreements and other purposes of the prepayment provision. LaSalle is attempting to clarify the parties' intentions regarding the prepayment provision of the addendum. Thus, this is parol evidence.[8] We note the trial court did not address this evidence.
 {¶ 19} If the language of a contract is unambiguous, parol evidence is inadmissible to show a contrary intent of the parties.[9] The Supreme Court of Ohio has provided a test for determining whether language is ambiguous:[10]
"[c]ommon words appearing in a written instrument will be given their ordinary meaning unless manifest absurdity results, or unless some other meaning is clearly evidenced from the face or overall contents of the instrument."[11]
 {¶ 20} The prepayment provision of the addendum clearly stated when prepayment was permitted. In addition, this provision set forth, in detail, the formula for calculating the prepayment amount. Friedman asserts paragraph seven controls this matter or, at least, is ambiguous with the prepayment provision. We disagree. Paragraph seven governs the method of calculating interest. The specific language Friedman points to addresses the timeliness of the payment of interest, i.e., interest for a partial-month period must be paid in advance, rather than arrears. It is irrelevant to the prepayment provision.
 {¶ 21} The prepayment provision is clear on its face and unambiguous. Therefore, we will not consider the parol evidence LaSalle advances.
 {¶ 22} Friedman asserts the provisions of the addendum are ambiguous and should be construed against the drafter.[12]
Again, the note was unambiguous. Thus, we do not need to attempt to construe the contract in the manner Friedman advances.[13]
 {¶ 23} In addition, Friedman contends that, by accepting its prepayment on February 13, 2001, LaSalle waived its right to collect prepayment on the last business day of the month. "Waiver is a voluntary relinquishment of a known right."[14]
LaSalle did not waive the right to collect the prepayment on the last day of the month. LaSalle collected a payoff amount which included interest accrued through February 27, 2001, the last business day before the next scheduled payment date. The fact that the payment was accepted on February 13, 2001, is of no consequence. Essentially, the payoff amount given to Friedman was good for the entire month of February 2001, whether it was paid on February 3, February 13, or February 27, 2001. LaSalle ensured that it collected the full amount of interest it was owed, thus, it did not give up a known right.
 {¶ 24} Finally, Friedman makes a public policy argument in support of its position. Friedman contends that, since interest is a fee for borrowing money, LaSalle should not be entitled to interest for the time period from February 13, 2001 to February 27, 2001, when the money was no longer being borrowed. LaSalle notes that Friedman could have put the pay-off funds "to use" (so they would accrue interest) for two-week period from February 13, 2001 to February 27, 2001 and, then, transferred the funds to LaSalle on February 27, 2001. Practically, such actions would have offset the interest charged by LaSalle for this period. We agree.
 {¶ 25} Since there was not a genuine issue of material fact and LaSalle was entitled to judgment as a matter of law, the trial court did not err by granting LaSalle's motion for summary judgment. Friedman's assignment of error is without merit.
 {¶ 26} The judgment of the trial court is affirmed.
Judgment affirmed.
Ford, P.J., and Christley, J., concur.
[1] Dresher v. Burt (1996), 75 Ohio St.3d 280, 293.
[2] Civ.R. 56(C).
[3] Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102,105.
[4] Alexander v. Buckeye Pipe Line Co. (1978),53 Ohio St.2d 241, paragraph one of the syllabus.
[5] DiMarco v. Shay, 154 Ohio App.3d 141, 2003-Ohio-4685.
[6] Id. at ¶ 27.
[7] (Secondary citations omitted.) Id. at ¶ 13, quotingPromenade Towers Mut. Hous. Corp. v. Metro. Life Ins. Co.
(1991), 324 Md. 588, 592, 597 A.2d 1377.
[8] See, e.g., Ed Schory Sons, Inc. v. Soc. Natl. Bank
(1996), 75 Ohio St.3d 433, 440.
[9] (Citations omitted.) TRINOVA Corp. v. Pilkington Bros.,P.L.C. (1994), 70 Ohio St.3d 271, 275.
[10] Shifrin v. Forest City Ent., Inc. (1992),64 Ohio St.3d 635, 638.
[11] Alexander v. Buckeye Pipe Line Co., supra, at paragraph two of the syllabus.
[12] See Allen v. Standard Oil Co. (1982), 2 Ohio St.3d 122,124.
[13] Id.
[14] (Citation omitted.) State ex rel. Chavis v. Sycamore CitySchool Dist. Bd. of Edn. (1994), 71 Ohio St.3d 26, 35.