[Cite as *Salloum v. Falkowski*, 2016-Ohio-5005.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**LAKE COUNTY, OHIO**


GEORGES SALLOUM,                    :          **O P I N I O N**

            Relator,                    :

    - vs -                                     :          **CASE NO. 2015-L-124**

THE HONORABLE,                         :
COLLEEN A. FALKOWSKI, et al.,
                                                        :
           Respondents.


Original Action for Writ of Prohibition.

Judgment:  Petition denied.


*Thomas A. McCormack*, McCormack Family Law, 1915 The Superior Building, 815 Superior Avenue, East, Cleveland, OH  44114 (For Relator).

*Charles E. Coulson*, Lake County Prosecutor, and *Eric A. Condon*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH  44077 (For Respondents, The Honorable Colleen A. Falkowski, and Magistrate Frederick R. Audi.)

*Noelle Ann Said Salloum*, pro se, 277 East 307th Street, Willowick, OH  44095 (Respondent).


THOMAS R. WRIGHT, J.

{¶1}  Before this court are the parties' competing motions for summary judgment.  Relator, Georges Salloum, seeks a writ of prohibition preventing respondents, Judge Colleen A. Falkowski and Magistrate Frederick R. Audi, both from the Lake County Court of Common Pleas, Domestic Division, from proceeding on a

motion to modify child support. Relator asserts that respondents lack the authority to rule because jurisdiction remains with the original trial court in Florida. For the following reasons, a writ of prohibition will not lie as jurisdiction over child support was transferred from Florida to respondents' court.

{¶2} During their marriage, relator and Noelle Ann Said Salloum had one child and resided in Florida. In December 2007, Florida's Ninth Judicial Circuit granted relator and Noelle a dissolution of marriage. The Circuit Court's final decree also addresses custody and relator's child support obligation.

{¶3} Thereafter, Noelle and the minor moved to Lake County, Ohio. Relator remained in Florida. In February 2014, relator and Noelle filed a pleading in the Florida court captioned "Joint Stipulation To Transfer Venue." The stipulation was signed by both and reads as follows:

{¶4} "1. This reopened matter currently is pending before the Court pursuant to the Court's continuing jurisdiction provided for in Florida Statutes. The matters involved currently are limited issues related to the parties' minor child, J.G.S., born 2008.

{¶5} "2. However, the Former Wife and minor child at issue no longer reside in Florida. Instead, they have resided in Lake County, Ohio, for a period of more than six (6) months consecutively. Therefore, pursuant to Florida Statute 65.520 this Court is no longer the proper venue [and] is an inconvenient forum for this action.

{¶6} "3. The parties hereby stipulate and agree to transfer venue of this action to the appropriate Court with jurisdiction over the Former Wife and minor child in the state of Ohio."

{¶7} Four months later, the Florida Circuit Court issued a judgment approving and ratifying the document. Upon noting that a new case was filed in Ohio, the

2

judgment ordered: "This matter shall be relinquished to the proper venue in Lake County, Ohio, where the Former Wife and minor child currently reside." In addition, the judgment contained the following handwritten order: "The Court hereby relinquishes jurisdiction to the Court of Common Pleas, Lake County, OH."

{¶8} After the Florida dissolution decree was registered in Ohio, Noelle moved to modify child support. In response, relator moved to dismiss her motion and to enforce the joint stipulation. In July 2015, respondent Falkowski denied both aspects of relator's motion, and Noelle's motion to modify remained pending.

{¶9} Three months later, relator again moved to dismiss Noelle's motion to modify, arguing that the Florida trial court retained jurisdiction over child support issues. When respondent Audi stated during a conference that the evidentiary hearing on the motion to modify child support would proceed before disposition of the second motion to dismiss, relator filed this action for a writ of prohibition. In conjunction with his petition, he moved this court to stay all further proceedings. This court granted the stay, except to allow respondents to render a decision on the second motion to dismiss.

{¶10} On November 24, 2015, respondent Falkowski issued a judgment denying relator's second motion to dismiss, holding that she has jurisdiction to decide the motion to modify child support. First, Judge Falkowski found that the Florida trial court relinquished jurisdiction over the entire dissolution proceeding and caused the complete case file to be transferred to Lake County. Second, she found that her court had authority to go forward because all of the statutory requirements for modifying a registered child support order had been met. As to the second point, Judge Falkowski concluded that, by submitting the joint stipulation to the Florida court, relator and Noelle consented to the transfer of the entire case to Ohio.

3

{¶11} Following Judge Falkowski's ruling, relator and respondents filed competing motions for summary judgment in this court on the prohibition claim. Although respondents' motion was captioned as one to dismiss under Civ.R. 12(B)(6), it also requests, in the alternative, summary judgment under Civ.R. 56(C). Attached to respondents' motion is a certified copy of Judge Falkowski's November 24, 2015 judgment. In support of his competing summary judgment motion, relator presents certified copies of the joint stipulation before the Florida trial court and that court's June 10, 2014 final judgment approving the joint stipulation.

{¶12} "Summary judgment is a procedural tool that terminates litigation and thus should be entered with circumspection. *Davis v. Loopco Industries, Inc.*, 66 Ohio St.3d 64, 66, 1993 Ohio 195, 609 N.E.2d 144 (1993). Summary judgment is proper where (1) there is no genuine issue of material fact remaining to be litigated; (2) the movant is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and, viewing the evidence in the non-moving party's favor, that conclusion favors the movant. *See, e.g.*, Civ.R. 56(C)." *Defranco v. Judy*, 11th Dist. Geauga Nos. 2012-G-3114 and 2013-G-3135, 2014-Ohio-8, ¶10.

{¶13} "In short, the central issue on summary judgment is, 'whether the evidence presents sufficient disagreement to require submission to a [trier of fact] or whether it is so one-sided that one party must prevail as a matter of law.'" *Id.* at ¶11, quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Moreover, when the defendant/respondent has moved for summary judgment, the plaintiff/relator's failure to create a genuine issue of material fact as to any element of his claim is sufficient to warrant final judgment in the defendant's favor. *Advanced*

4

*Analytics Laboratories, Inc. v. Kegler, Brown, Hill & Ritter, L.P.A.*, 148 Ohio App.3d 440, 2002-Ohio-3328, ¶34.

**{¶14}** A writ of prohibition is "a legal order under which a court of superior jurisdiction enjoins a court of inferior jurisdiction from exceeding the general scope of its inherent authority." *State ex rel. Jurczenko v. Lake Cty. Court of Common Pleas*, 11th Dist. Lake No. 2009-L-178, 2010-Ohio-3252, ¶24. To be entitled to the writ, the relator must satisfy three elements: (1) a lower court or judicial officer is preparing to exercise its judicial power in a pending case; (2) the proposed use of that power is not authorized under the law; and (3) there is no alternative legal remedy the relator could invoke to obtain the same result. *Id.*

**{¶15}** "As to the second and third elements for the writ, this court has emphasized that the absence of an adequate legal remedy is not necessary when the lack of judicial authority to act is patent and unambiguous, i.e., if the lack of jurisdiction is clear, the writ will lie upon proof of the first two elements only. See *State ex rel. Biros v. Logan*, 11th Dist. No. 2003-T-0016, 2003-Ohio-5425, at ¶11. However, if the lack of jurisdiction is not patent and unambiguous, the fact that a party can appeal a lower court's decision bars the issuance of the writ because, when a court has general jurisdiction over the subject matter of a case, it has the inherent authority to decide whether that jurisdiction has been properly invoked in a specific instance. *State ex rel. Hummel v. Sadler*, 96 Ohio St.3d 84, 2002-Ohio-3605, 771 N.E.2d 853, at ¶21." *State ex rel. Godale v. Geauga Cty. Court of Common Pleas*, 166 Ohio App.3d 851, 2006-Ohio-2500, 853 N.E.2d 708, ¶6.

**{¶16}** In our case, there is no dispute that respondents are preparing to exercise judicial power by going forward on Noelle's motion to modify child support. As to the

5

second element for the writ, this court concludes that respondents have established they have jurisdiction to proceed, rendering the third element moot.

{¶17} This action turns on the resolution of the following legal point: did the Lake County court acquire jurisdiction over the child support issues from the Florida Circuit Court? Disposition requires application of the Uniform Interstate Family Support Act, as delineated in R.C. Chapter 3115. There is no dispute that the underlying case before the Lake County Court began when Noelle sought to register the Florida dissolution decree. R.C. 3115.38 et seq. governs the procedure to register and enforce a support order rendered in another state. The statutory scheme further provides the means by which the "nonregistering" party can contest the validity or enforcement of the support order. R.C. 3115.43 & 3115.44. In conjunction with the submission of the various documents necessary to register a foreign child support order, the "registering" party can also move for modification of that order. R.C. 3115.46. The authority of an Ohio trial court to hear and determine such a motion is governed by R.C. 3115.48.

{¶18} The latter statute depicts two sets of circumstances under which an Ohio trial court has jurisdiction over a motion to modify. In this case, Judge Falkowski found R.C. 3115.48(A)(2) applicable:

{¶19} "(A) After a child support order issued in another state has been registered in this state, the responding tribunal in this state may modify that order only if section 3115.50 of the Revised Code does not apply and after notice and hearing it finds either of the following applicable:

{¶20} "* * *

{¶21} "(2) The child, or a party who is an individual, is subject to the personal jurisdiction of the tribunal of this state and all of the parties who are individuals have

6

filed written consents in the issuing tribunal for a tribunal of this state to modify the support order and assume continuing, exclusive jurisdiction over the order. * * *"[1]

{¶22} In this case, R.C. 3115.50 does not apply because relator still resides in Florida. Moreover, both Noelle and the child are subject to the personal jurisdiction of respondents' court, as they reside within Lake County. Neither side challenges the foregoing two aspects of the statute. Thus, the sole dispute concerns whether relator and Noelle filed written consents in the Florida trial court allowing the Lake County Court to modify the prior support order and assume continuing jurisdiction over that order.

{¶23} As previously noted, Judge Falkowski held that relator's and Noelle's joint stipulation constituted their mutual written consent to transfer child support issues to her court, in compliance with R.C. 3115.48(A)(2). Relator disagrees, arguing that the joint stipulation relinquishes jurisdiction over child custody only. He notes that the joint stipulation does not expressly reference child support issues.

{¶24} As to this point, the joint stipulation readily shows that it does not refer to any specific issue regarding the minor child; i.e., there is no direct reference to either child custody or child support. Instead, the stipulation makes reference to "issues" pertaining to the child. In the first paragraph, the first sentence notes that the dissolution proceeding was reopened under the Florida Circuit Court's continuing jurisdiction. The second sentence then states that the matters "currently" before the court "are limited issues related to the parties' minor child * * *."

---

1. After Judge Falkowski issued her decision on the jurisdiction issue, R.C. 3115.48 was repealed, along with the other statutes governing modification of a registered child support order. The statutory scheme has been renumbered, and the former R.C. 3115.48 is now R.C. 3115.611. However, even though the wording of that statute has been altered slightly, the basic requirements of division (A)(2) have remained the same.

7

{¶25} The use of the word "limited" means that no issues unrelated to the minor child, such as spousal support or property distribution, are currently before the Florida trial court. The presence of the word does not restrict the scope of child-related issues currently pending. To that extent, the language broadly encompasses all child-related issues, including support and custody. In addition, the stipulation's remaining provisions do not limit the nature of the child-related issues to be transferred to the Ohio court. Although the third paragraph states that relator and Noelle have agreed to a transfer of venue, it refers to the transfer of "this action," not to custody only.

{¶26} Second, relator maintains that the second paragraph in the joint stipulation contains statements that are only relevant to the transfer of a custody matter under the Uniform Child Custody Jurisdiction and Enforcement Act, R.C. 3127.01 et seq. In support, he notes the second paragraph states that Florida is no longer a convenient forum for the parties because Noelle and their child have resided in Lake County, Ohio for more than six consecutive months.

{¶27} Relator is correct that, under both Ohio and Florida statutory law, the trial court which issued the original custody decision can decline to exercise its continuing jurisdiction over that issue on the grounds that a trial court in another state has become a more convenient forum. *See* R.C. 3127.21(A) and Fla. Stat. 61.520(A). Furthermore, a review of R.C. Chapter 3115, the Uniform Interstate Family Support Act, shows that it does not contain a similar provision. Thus, according to relator, the joint stipulation was only intended to apply to custody issues because a finding of a more convenient forum can only be made in reference to that issue.

{¶28} However, notwithstanding the reference to an "inconvenient forum" in the second paragraph, the language does not cite the correct Florida statute governing the

8

transfer of a child custody issue to a trial court in another state. More importantly, the second paragraph does not specifically refer to the child custody issue. In light of this, the reference to an "inconvenient forum" must be viewed in the context of the entire joint stipulation. The stipulation only refers to child-related issues in general. Hence, the unambiguous breath of words used is that the joint stipulation covers all child-related issues, including child support, and that the reference to the Florida trial court as being an inconvenient forum was simply the reason for transferring all child-related issues to the Ohio court.

{¶29} Third, relator has submitted his affidavit, in which he avers that it was his understanding that the stipulation was to cover child "parenting" issues, not child support. Yet, the language of the stipulation is unambiguous and applies to all child-related issues. Accordingly, parol evidence is not admissible to establish that the intent of the parties was otherwise. *See Marvin Friedman & Harry Friedman Co. v. LaSalle Natl. Bank*, 11th Dist Lake No. 2003-L-057, 2004-Ohio-2205, ¶19.

{¶30} Last, relator states that the outcome in this case is dictated by the holding of the Supreme Court of Ohio in *Rosen v. Celebrezze*, 117 Ohio St.3d 241, 2008-Ohio-853, 883 N.E.2d 420. There, the Supreme Court concluded that, although a domestic relations judge generally has jurisdiction to decide a child custody issue, that judge can be divested of jurisdiction in a given case under the Uniform Child Custody Jurisdiction and Enforcement Act. *Id*. at ¶46. However, *Rosen* is inapplicable because the jurisdictional requirements of R.C. 3115.48(A)(2) have been met. The joint stipulation constitutes written consent to transfer jurisdiction over all child support issues to Lake County and Judge Falkowski's domestic relations court, where Frederick R. Audi serves as a magistrate. Therefore, respondents have authority to proceed on Noelle's motion

9

to modify child support

{¶31} Respondents have jurisdiction to proceed. Accordingly, respondents' motion for summary judgment is granted and relator's motion for summary judgment is overruled.


TIMOTHY P. CANNON, J., concurs,

DIANE V. GRENDELL, J., concurs in judgment only with a Concurring Opinion.


_____


DIANE V. GRENDELL, J., concurs in judgment only with a Concurring Opinion.

{¶32} I concur in the judgment of this court that respondents are entitled to summary judgment and relator's petition should be dismissed. I disagree with the majority's seemingly definitive statement that "Respondents have jurisdiction to proceed," *supra* at ¶ 31, thereby establishing the respondents' jurisdiction as the law of the case and/or res judicata. The issues raised in an action for prohibition are whether the lower court's exercise of judicial power is authorized by law and whether the relator has an alternative legal remedy. *State ex rel. Chester Twp. v. Grendell*, __ Ohio St.3d __, 2016-Ohio-1520, __ N.E.3d __, ¶ 19. We are not called upon to decide whether the lower court's exercise of jurisdiction over the underlying case is proper, only whether there is a "patent and unambiguous" lack of jurisdiction. *Id.* at ¶ 31 (only where a "court so patently and unambiguously lacked jurisdiction to issue the orders in the underlying case" should the higher court be "willing to issue a writ and circumvent the appellate

10

process").

{¶33} "Absent a patent and unambiguous lack of jurisdiction, a court having general subject-matter jurisdiction can determine its own jurisdiction, and a party challenging the court's jurisdiction has an adequate remedy at law by appeal." *State ex rel. Hunter v. Patterson*, 75 Ohio St.3d 512, 514, 664 N.E.2d 524 (1996). A definitive ruling by this court that the lower court has jurisdiction to proceed effectively precludes the relator from appealing the court's exercise of jurisdiction in the ordinary course of law. On the contrary, "[i]t is well-settled that prohibition does not function as a substitute for an appeal." (Citation omitted.) *State ex rel. Children's Med. Ctr. v. Brown*, 59 Ohio St.3d 194, 195, 571 N.E.2d 724 (1991).

{¶34} Accordingly, in granting the respondents' motion for summary judgment, our holding should be limited to whether the lower court patently and unambiguously lacks jurisdiction over the matter before it and/or whether the relator has an adequate remedy at law by appeal. As the court does not patently and unambiguously lack jurisdiction and relator does have an adequate remedy at law, the petition should be denied without further resolution of the jurisdictional issue. *Grendell* at ¶ 31 ("we need only decide whether the [respondent] patently and unambiguously lacks jurisdiction over the matter").