**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Salloum v. Falkowski,* **Slip Opinion No. 2017-Ohio-8722.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2017-OHIO-8722

SALLOUM, APPELLANT, *v.* FALKOWSKI, JUDGE, ET AL., APPELLEES.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Salloum v. Falkowski,* **Slip Opinion No. 2017-Ohio-8722.]**

*Prohibition—Jurisdiction—Out-of-state child-support order—R.C. 3115.611 confers jurisdiction on Ohio court to determine its own jurisdiction—Dismissal of petition affirmed.*

(No. 2016-1295—Submitted June 6, 2017—Decided November 30, 2017.)

APPEAL from the Court of Appeals for Lake County,

No. 2015-L-124, 2016-Ohio-5005.

_____

**Per Curiam.**

{¶ 1} We affirm the judgment of the Eleventh District Court of Appeals denying the petition of appellant, Georges Salloum, for a writ of prohibition.

*Background*

{¶ 2} In December 2010, Florida's Ninth Judicial Circuit Court granted Georges Salloum ("Salloum") and Noelle Ann Said Salloum ("Noelle") a

dissolution of marriage. The final dissolution decree included a child-support order for their minor child, J.S. Noelle and J.S. subsequently moved to Lake County, Ohio.

**{¶ 3}** In January 2014, Salloum and Noelle filed in the Florida case a "Joint Stipulation to Transfer Venue" to the state of Ohio. Six months later, the Florida court issued an entry approving and ratifying the joint stipulation. The entry states that "[t]his matter shall be relinquished to the proper venue in Lake County, Ohio, where the Former Wife and minor child currently reside."

**{¶ 4}** After the dissolution decree was registered in Ohio, Noelle filed a motion to modify child support. Salloum moved to dismiss, arguing that the Ohio trial court lacked subject-matter jurisdiction to proceed on the motion to modify child support. On November 24, 2015, appellee Judge Colleen A. Falkowski of the Lake County Common Pleas Court, Domestic Relations Division, denied Salloum's motion to dismiss, finding that jurisdiction to rule on the motion to modify child support was provided by former R.C. 3115.48(A)(2). (R.C. 3115.48(A)(2) has since been repealed and is now found, reworded but substantively unchanged, in R.C. 3115.611(A)(2). *See* 2015 Am.Sub.H.B. No. 64.)

**{¶ 5}** However, before Judge Falkowski entered judgment on Noelle's motion, Salloum filed a petition for a writ of prohibition in the Eleventh District Court of Appeals, seeking an order preventing Judge Falkowski and appellee Magistrate Frederick R. Audi of the Lake County Common Pleas Court, Domestic Relations Division, from exercising further jurisdiction over the motion to modify child support.[1] On July 18, 2016, the court of appeals granted appellees' motion for summary judgment and dismissed Salloum's petition. The court found that Salloum failed to demonstrate that appellees lacked jurisdiction to proceed. The court further determined that in light of the parties' joint stipulation to transfer the

---

[1] Salloum also named Noelle as a respondent.

case to Ohio, R.C. 3115.611(A)(2) authorizes the Lake County trial court to exercise jurisdiction over the motion to modify child support.

{¶ 6} Concurring in judgment only, Judge Grendell noted that she "disagree[d] with the majority's seemingly definitive statement that 'Respondents have jurisdiction to proceed,' * * * thereby establishing the respondents' jurisdiction as the law of the case and/or res judicata." 2016-Ohio-5005 at ¶ 32. She further observed:

> [I]n granting the respondents' motion for summary judgment, our holding should be limited to whether the lower court patently and unambiguously lacks jurisdiction over the matter before it and/or whether the relator has an adequate remedy at law by appeal. As the court does not patently and unambiguously lack jurisdiction and relator does have an adequate remedy at law, the petition should be denied without further resolution of the jurisdictional issue.

*Id.* at ¶ 34 (Grendell, J., concurring in judgment only).

*Analysis*

{¶ 7} A writ of prohibition is "an extraordinary remedy that is granted in limited circumstances with great caution and restraint." *State ex rel. Corn v. Russo*, 90 Ohio St.3d 551, 554, 740 N.E.2d 265 (2001). Salloum is entitled to the writ only upon a showing that (1) Judge Falkowski and Magistrate Audi are about to exercise judicial power, (2) their exercise of that power is unauthorized by law, and (3) denying the writ would result in injury for which no other adequate remedy exists in the ordinary course of the law. *State ex rel. Bell v. Pfeiffer*, 131 Ohio St.3d 114, 2012-Ohio-54, 961 N.E.2d 181, ¶ 18. However, "[i]f the absence of jurisdiction is patent and unambiguous, a relator need not establish the lack of an

adequate remedy at law." *State ex rel. Vanni v. McMonagle*, 137 Ohio St.3d 568, 2013-Ohio-5187, 2 N.E.3d 243, ¶ 6.

**{¶ 8}** Appellees clearly intend to exercise jurisdiction in the underlying case, thus satisfying the first criterion for the writ. The question, then, is whether that exercise of jurisdiction is authorized.

**{¶ 9}** R.C. 3115.611 governs " 'when a registering Ohio tribunal gains jurisdiction to modify [a child-support] order' " issued in another state. *Young v. Rogers*, 12th Dist. Butler No. CA2001-08-183, 2002-Ohio-5135, ¶ 9, quoting Sowald & Morganstern, *Domestic Relations Law*, Section 23.43, at 83 (1997). R.C. 3115.611(A) provides two circumstances under which a court may find that it has the requisite jurisdiction. Judge Falkowski found that R.C. 3115.611(A)(2) was applicable here. It provides:

> (A) If section 3115.613 of the Revised Code does not apply, upon petition a tribunal of this state may modify a child-support order issued in another state which is registered in this state if, after notice and hearing, the tribunal finds either of the following:
>
> * * *
>
> (2) That this state is the residence of the child, or a party who is an individual is subject to the personal jurisdiction of the tribunal of this state, and all of the parties who are individuals have filed consents in a record in the issuing tribunal for a tribunal of this state to modify the support order and assume continuing, exclusive jurisdiction.

R.C. 3115.613 does not apply, because Salloum is still a resident of Florida. *See* R.C. 3115.613(A). Thus, assuming that R.C. 3115.611(A)(1) does not apply, the

Ohio trial court could exercise jurisdiction over Noelle's motion to modify only if it found that the requirements of R.C. 3115.611(A)(2) were satisfied.

{¶ 10} R.C. 3115.611 confers jurisdiction upon the trial court to determine whether it has jurisdiction over a properly filed motion to modify a child-support order issued in another state and to determine whether a joint stipulation satisfies R.C. 3115.611(A)(2)'s requirement that the parties consent to jurisdiction. Therefore, any error in the trial court's eventual judgment on the modification motion would be "at best, an error in the exercise of jurisdiction rather than a want of jurisdiction." *State ex rel. Estate of Hards v. Klammer*, 110 Ohio St.3d 104, 2006-Ohio-3670, 850 N.E.2d 1197, ¶ 14. Accordingly, Salloum is not entitled to a writ of prohibition, because the trial court does not patently and unambiguously lack jurisdiction to rule on Noelle's motion, and Salloum has an adequate remedy in the ordinary course of law through a postjudgment appeal. *State ex rel. Rootstown Local School Dist. Bd. of Edn. v. Portage Cty. Court of Common Pleas*, 78 Ohio St.3d 489, 491, 678 N.E.2d 1365 (1997).

{¶ 11} However, we further hold that by definitively ruling that the joint stipulation actually provided the trial court with the requisite jurisdiction to rule on Noelle's motion, rather than confining itself to deciding whether the trial court had jurisdiction to decide its own jurisdiction, the court of appeals exceeded the scope of its review. By taking that extra step, the appellate court majority foreclosed later appellate review, on a more complete record, of the scope and effect of the parties' agreement in the joint stipulation.

{¶ 12} We have "consistently held that a reviewing court is not authorized to reverse a correct judgment merely because erroneous reasons were assigned as the basis thereof." *Joyce v. Gen. Motors Corp.*, 49 Ohio St.3d 93, 96, 551 N.E.2d 172 (1990). Therefore, we affirm the judgment denying Salloum's prohibition claim, albeit for different reasons, and hold that the trial court did not patently and unambiguously lack jurisdiction to determine whether R.C. 3115.611(A)(2)

authorizes it to rule on Noelle's motion to modify the out-of-state child-support order.

Judgment affirmed.

O'CONNOR, C.J., and O'DONNELL, KENNEDY, FRENCH, O'NEILL, FISCHER, and DEWINE, JJ., concur.

_____

Thomas A. McCormack, for appellant.

Charles E. Coulson, Lake County Prosecuting Attorney, and Eric A. Condon, Assistant Prosecuting Attorney, for appellees.

Stafford Law Co., L.P.A., and Joseph G. Stafford, for Noelle Ann Said Salloum.

_____